3b 125
97 306

CASE 38—PETITION EQUITY—JANUARY 22.

# Peak, &c., vs. Hayden, &c.

APPEAL FROM MEADE CIRCUIT COURT.

1. In preparing cases in the inferior courts, counsel and parties too often seem to forget that the record, as they present it, is the only guide to the court of appeals to the facts, and, consequently, they too often fail to exhibit in the record needful facts, only because they are familiar to themselves out of the record. This prevalent blunder is frequently fatal.

2. A court of equity has jurisdiction, *quia timet*, to enjoin from cutting timber, or otherwise intruding, on the strip of land claimed by each party.

M. H. COFER and
JOHN C. WALKER,                          For Appellants,
                    CITED—
   *Civil Code*, sec. 153, *and notes.*
   *2 Met.*, 227; *City of Covington vs. Powell.*

O. C. RICHARDSON, JR.,                    For Appellees,
                    CITED—
   *Revised Statutes*, chapter 12, section 2.
   *Revised Statutes*, chapter 63, section 2, 2 *Stanton.*

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The failure by both parties, equally negligent, to have a complete survey made, defining the boundaries of their conflicting claims, and the failure of the appellants, still more negligent, to show, by the record of the action of *Payne vs. Peak*, what was adjudged in that case, increase the perplexity which embarrasses this court in reaching a judicial conclusion as to the rights of the parties in this case which we are now revising.

In preparing cases in the inferior courts, counsel and parties too often seem to forget that the record, as they present it here, is our only guide as to the facts, and, consequently, they too often fail to exhibit in the record needful facts, only because they are familiar to themselves out of the record. This prevalent blunder, frequently fatal, is impressively illustrated in this case.

But, deciding on the imperfect facts as we can only see them, we must adjudge that the circuit court erred in dismissing the petition by the appellants to enjoin the appellees from cutting timber, or otherwise intruding on the strip of land claimed by each party, and seeking reparation for past intrusion and conversion of timber. For such a purpose a court of equity had unquestional juris-- diction, *quia timet*. And, although the right to relief is somewhat obscured by inadvertent and imperfect presentation, yet it is sufficiently apparent to prevent an affirmance of the, decree.

The appellees seem to claim under the patent of Thos. Simpson. The survey made by Haynes, in the case of *Payne vs. Peak*, and made an exhibit in the deposition of Purciful, shows that two white oaks, in the dotted line, are anciently marked as a corner; and the testimony strongly tends to the conclusion that this was Simpson's beginning corner, and that the dotted line was one of his patent lines. It also tends strongly to show that the deed, under which the appellants claim, is bounded by that line. And, when the facts are all collated and scrutinized, there is no proof that the title held by the appellees crossed that line, or that, under that title, there was ever any such actual possession as to give to the appellees a possessory right.

It also appears that the ancestor of the appellees was rather committed to that line by his conduct and admis-

sions, and that the appellees crossed it and cut timber on the land claimed by the appellants; and their answer appears to be studiously evasive as to the boundaries of the conflicting claims, as to their alleged trespass, and as to their derivative title.

It seems to this court, therefore, that there was no sufficient ground for dismissing the petition. But, to secure justice from reasonable doubt, arising from defective preparation on both sides, we will remand the case, with leave to each of the parties to make further preparation by surveys and otherwise.

Judgment reversed, and cause remanded for further preparation.