Chief Justice*fi,OB£:RTaorr
delivered the Opinion of the Court.
In this case (ejectment,) the only question deemed by this court worthy of special consideration, is, whether, as the appellant contends, the circuit court erred in instructing the jury that, “ where one corner of a survey (having had four corners) is lost, and it cannot be proved where the corner stood, the proper mode of fixing such corner is by pursuing the marked line of the original survey, leading to the place where such corner stood, and also retracing the marked boundary leading from the place where the corner stood, to the intersection of the two lines; and if, in consequence of the ground being cleared about the place where the corner *2 stood, the marked boundary, or lines of the original survey, cannot be traced all the way to such intersection, that then they are to be pursued as far as they remain, and, from their termination at the cleared ground, are to be extended the general course of that part of ■ the marlced line still remaining, 'to the intersection of the next tiine.”
The lines of a ■ keZby^hVoriginal surveyor, fonmty^toCthe patent courses ■and distances,) must be taken asthetrueboundistance, or só far as they can ne discovered. If the lines were orhave*beenc'f faced, and their cannotbefound —the patent must govern.— Bat,whotborthe er marked,and il so, where, uro questions of fact, to be prominedbyajur^* and not mere W^obedecid'1' «1 by the judge,
The record does not shew what facts appeared on the ílaa' > but whatever they may have been, or whatever they may have conduced to prove as to the true posi^on °f so ™uch of-the line as cannot be now identified by actual demarcation, we are of the opinion that, in . . ■ . , ,. . ., . . giving the foregoing instruction, the circuit judge asSutned, as a matter of law, that which was purely a question of fact, for the sole consideration of the jury ; and that, therefore, the instruction was, in that respect, ina1 provident and erroneous.
Although it would be unreasonable to expect that any surveyor, however vigilant and skilful, could pursue, mathematical precision, the exact course designated in an entry or patent, and, therefore, the line actually traced hy him must, when sufficiently identified, be deemed the legal as well as actual boundary; nevertheless, when he shall not have marked the line, or when it cannot be identified though once marked, the patent course , , _ 1 , , , fixes the true constructive boundary. Hut whether the line was ever act,iahy run or marked, and, if it were so designated, where it was, are not deductions of law or matters construction, but are facts to be ascertained and settled by a jury, and a court should not, by construction, fix the line, if there be any proof whatever tending legitimately to shew, that it was actually run, and where. If, however, there be no proof as to its actual position, even though there be proof that it was once run and marked, the patent course must govern, and the court should so instruct the jury.
These fundamental positions not only accord with reason and propriety, but are well established by adjudged cases. In Cowan et al. vs. Fauntleroy et ux., 2 Bibb, 262, this court said—“ If, however, in making a survey, a line shall have been marked, as in the present *3 ease, only a part of its distance, it would seem that the boundary of the survey, for the residue of the distance, should be ascertained by running a line as nearly direct as practicable from the termination of the marked line to the corner called for;” that is, when the corner is identified : but when the corner cannot be otherwise established than by construction, the line must be extended according to the patent course, unless there be some evidence that it was-actually run variant from that'courss.Tlius, in Wishart vs. Cosby, 1 Marshall, 383, this court/ said, that the'court should have instructed the jury, “that, if they were of opinion, from the evidence, that!the lines, or any part thereof, from- the north east and south west corners, wmre extended variant from the pa-'j tent course, — -that, so far as those lines were, in their, opinion, shewn to have been made, they must give boundary to the claim ;. and if they were- of opinion those lines■viere not extended to the intersection, that the patent courses from the points where they-arc shewn to have existed,, should be extended so as, by their intersection, to form-the northwestern corner.”
The following propositions arc incontr-overtibiy true upon principle, reason and authority : — •
1. When there is no evidence that a line was actually-run by the surveyor, or as to where it w7-as run, the patent course must, as a matter of necessity and of law, be. deemed the boundary. 2. When a lino was actually run, it must be, as so run, the true boundary. 3. Whcther a line had been so run, and where it was run, aro facts to be proved by witnesses, and ascertained by a jury, and are not mere deductions of law.
Tested by these criteria, the instruction we are considering cannot be maintained ; for, if there was no testimony tending to shew that the entire line was actually run by the original surveyor, or where it w7as run, the course called for in the patent was the true and only constructive boundary ; and if the proof, in any degree, tended to shew that the whole line had been run, whether it was so run, and where, were facts which the jury, and not the court, should have decided.
*4 There is not, in our opinion, any thing (as the counsel for the appellant seems to suppose) in the case of Thornberry vs. Churchill and wife, 4 Monroe, 29, in the least c^eSree incompatible with the principles we have herein recognised. In that case, the jury, upon what evidence the opinion does not shew, having established a line as far as it was identified by marks, and having continued it, after these failed, according to the course as defined by so much of it as was marked, this court sustained the verdict, because it was according to “/act” and “iatc,” and because the line, as thus extended, was more favorable to the complaining party than it would have been had the patent course been adopted, and, therefore, he had no right to complain. But the court certainly did not decide that, when a line had been run in part only, it should be extended the whole distance (called for) on the general course of so much as had been marked; and even had such been the decision in that case, we could not regarddt as authoritative, because it would not only be irreconcilable with réason, but contrary to an unbroken series of adjudications ever since the case of Bryan &c. vs. Beckley, in Sneed and in Select Cases. It is a self-evident proposition, that the' calls of the patent must define the boundary, excepting so far, and only so far, as the lines actually made by the original surveyor deviated from those calls. ■
Nor does the opinion in 4 Monroe (supra) even intimate that, whether the line partially identified by marks had been actually extended its whole length, and how it had been extertdéd, were questions of law, or of construction to be settled by the court, and not pure matters of fact, for the consideration of the jury. All that was decided in that case, so far as it can bear on this, wasdhat the facts authorized the verdict, and that, of course, it was according to law. But the circuit court did not in that case, as in this, instruct the jury how to extend the line; and that case, properly considered, is rather an authority against the right to give such an instruction, and tends to shew that a jury may, in such a case, decide whether the whole line was run, and where it was run.
*5 In Bryan &c. vs. Beckley, Litt. Sel. Ca. 93, this court said that, “ nothing but necessity will justify a departure either from course or distanceand in the same case, page 98-9, we find the following language : — “ Visible and actual boundaries, as rules to govern the property of men, are far preferable to ideal lines and corners; but when these actual land marks fail, we must resort to the next best evidences — courses and distances — as producing a reasonable degree of certainty, and a necessary security against the acts of the fraudulent and depraved, and against time and the elements.”
Nothing but the actual running of a line variant from the patent course and distance, can give any other boun-^ clary than that defined by the calls of the patent. Whether a line was actually run, and hoiv and where, are evidently matters of fact, and not deductions of law ; and, policy and law certainly require that the patent calls' should define the boundary, unless there be strong and satisfactory evidence shewing that an actual survey was made varying from those calls.
In this case, the court had no right to say that, because a part of a line was identified by actual marks, the whole line had been actually marked or traced by the original surveyor. Nor had it a right to decide, as a deduction of law, that, if the entire line had been marked, it was elongated in the general course of so much of the line as could still, be identified by the actual marks. The proof might be such as to justify the inference, as a matter of fact, that the entire line had been run and marked; and even, also, to allow the like inference that the whole line, as run, corresponded, in all its parts, in its deflection from the patent course ; but whether there was such a completion of the actual line, or such a uniformity of departure throughout the whole length of the line, would be more or less probable according to the facts proved. Is the line w'ell marked from the corner to the cleared ground ? Then it may be probable, especially if other lines are marked, that the whole of this line was originally marked. But otherwise such probability would be greatly diminished, perhaps altogether destroyed. What proportion in *6 length does’the line, as now marked, bear to the distance called for ? And what is the general course of the line as marked ? Is it rectilinear, or is it unusually erratic or zigzag ? If the latter be the character of the marked line, then it is not only not probable, but is in fact improbable, that such irregularities as cannot be ascribed to a settled deviation of the compass, were uniform throughout the whole line from corner to corner. It is thus manifest, that the law cannot arbitrarily fix any other line than that which the patent prescribes, and that whether a jury should do so or not, must depend altogether on the character of the proof tending to shew an actual line different from the patent course.
As the proofs are not all exhibited in this record, this court could not decide whether they would have sustained the verdict had the jury been untrammelled by instructions ; nor would it be proper to decide that point, even had the record presented all the evidence, because, whatever the facts may have been, as the jury was not left free to decide for themselves on the effect of the proof, the judgment must be reversed, and the cause remanded for a new trial.