Judge Marshall

delivered the Opinion of the Court.
This was an action of trespass, quare clausum, fregit, brought by M’Clurg against Ralston. And upon the case as submitted to the Circuit Judge for his decision, on the law and fact—the only question arising is one of boundary, the ascertainment of which seems to have been the only object of the parties.
The question arises on the survey of Joseph Ham, under whose patent the plaintiff in the action claims title, The boundaries of the survey, as stated in the patent are as follows: — beginning at William Richards’ north east corner of his fifty acre survey, a large poplar and beech; thence north 58° west, 26 poles to a beech; thence north west, 75° poles to a beech and buckeye; thence south 20° west, crossing Tygert’s creek at 18 poles, in all 120 pole's, to three white oaks on a high ridge; thence south 45° east 83 poles, to a stake in Richards’ line; thence north, 12° east, with his line, 156 poles, to the beginning.
It appears that in making Ham's the survey, surveyor commenced at the north west, and not at the north east corner Richards, as stated in the patent; which throws the whole survey off of the land described in the patent. From the north west corner of Richards’ survey, the three first lines of Ham’s were actually run and marked, but on arriving at the end of the third line, the surveyor was stopped by Ham, who informed him that a line south 45° *339 east from that place, would strike Richards’ line at 83 poles. Such a line was accordingly.adopted as the fourth line of the survey, without any part of it being run or marked; and the course and distance from the, termination of this assumed line to the beginning comer, being found by calculation, was also adopted as the fifth line, and described as running with Richards’ line, the survey or never having run around Richards’ survey, and not knowing its boundaries at the time.
On running out Ham’s survey, it is found that the course south 45° east, from the termination of the third line actually, run, will not only not strike Richards’ line at the distance of 83 poles, but that, if continued, it passes considerably to the south of Richards’ survey, and will never touch any part of it; and laying down Ham’s survey by the courses and distances called for in the patent, the last line forms an angle of about 27 degrees with the line of Richards, leaving a considerable interval be tween the two surveys; within which, and about midway from the angle to the extremities of the two contiguous lines, the trespass complained of was committed. The line of Richards is, in fact, but ninety poles long, from corner to corner, and runs north 15° west. The fourth line of Ham calls to run to a stake in that line, and the fifth calls to run with it, 156 poles, in the course north 12° east, to the beginning.
The material question is whether Richards’ line must necessarily form a part of Ham’s survey, regardless both of courses and distances as called for in Ham’s patent; or whether the call for that line shall be disregarded, and the courses and distances adhered to. If the fourth line of Ham had been actually run from his fourth corner to a point in Richards’ line, that point, if it could have been identified, must have been the fifth corner, whatever might have been the course or length of the line leading to it, and Richards’ line must, consequently, have been the closing line of the survey, however misdescribed.
But this is not a question of tracing an actual boundary, or of discovering a lost one, or one which may be presumed to have been completed; but of constructing a survey by adding two lines which were never actually *340 run. And the cardinal object is to ascertain what the surveyor would have done if he had gone on to complete the work. Berkley vs Bryan &c. 2 Bibb, 493. This is to be ascertained, not by vague conjecture, but by rational deductions from his report, as compared with the existing facts.
From this comparison, it is apparent that the surveyor was ignorant of the position, the length and the course of Richards’ line. Having arrived at the fourth corner of the survey which he was making, and intending, as must be presumed, to include about the proper quantity of fifty acres, he calls for such courses and distances of the two remaining lines, as will, if run out, accomplish that object. But he calls, also, for the fourth line to run to the line of Richards, of which he knew nothing. Did he pall for the.t line, because he intended to reach it, regardless of course, distance, figure and quantity? or did he call for it merely because he supposed it would be found in the course and at the distance named, and that, following it thence to the beginning, the quantity would be included, and the designated figure made out? It cannot be supposed that he was absolutely certain that Richards’ line would be reached by the course and distance called for, or that it would be reached by that course at any distance. He must then have been sensible that, if the call for that line was to be a controlling call, he was leaving the course and distance of' the fourth and fifth lines, and the shape, if not the quantity, of the entire survey, in utter uncertainty. And, as if to show that he did not place implicit faith in, the information that Richards’ line would be found in the direction, and at the distance called for, he provides the means of closing the survey with out the aid of that line, by giving the course and distance from the termination of the fourth line of Ham, which he supposed would be in Richards’ line, and the course and distance thence to' the beginning. If he had relied implicitly on this supposition, or if he had regarded Richards’ line as an essential part of the boundary of Flam’s survey: if he had not, in fact, considered it somewhat uncertain whether the line south 45° east would reach the line of Richards at the distance called for, and if he had *341 not intended to adhere to that course and stop at that distance, it would have been sufficient, in calling for the last line, to describe it simply as running with Richards’ line to the beginning. And it is not probable that he would have taken the unnecessary trouble of calculating the course and distance to the beginning. That he neither relied simply upon the call for Richards’ line, to lead to the beginning, nor took the course of that line by actual observation at the beginning corner, nor by reference to the survey or patent, but inserted the precise course and distance found by calculation from the end of the fourth line to the beginning, tends strongly to prove that Richards’ line was not a cardinal object; that he did not depend upon it as a part of the boundary; that, if he had gone on to close the survey himself, he would have run it according to the courses and distances, without regard to Richards’ line. And, therefore, that in determining now upon the manner in which it should be closed, the courses and distances should be adhered to, and the call for the line disregarded. There is certainly no necessity here for abandoning course and distance, which are in themselves certain. There is no mistake in the courses and length of the lines actually run, and the remaining .courses and distances lead with certainty to the beginning. Why then abandon them, and adhere to a vague and repugnant call for a stake in a line of which the surveyor knew nothing, and for running, with that line, in a direction widely variant from its course, and for a distance greatly exceeding its whole length? It does not even appear that the line of Richards was itself a marked line. And this circumstance, though not essential to the conclusion to which we have come, certainly weakens the opposite construction of the survey, so far as it depends upon the position, that an actual marked boundary, or a call for physical objects, must control the call for course and distance.
As the survey of Ham, according to our construction of it, would not include the place where the alleged trespass was committed, the plaintiff had no right to recover upon the facts submitted to the Judge.
*342 It is to be remarked, too, that if the opposite construction were adopted, by rejecting the courses and distances of the two last lines, there would be great difficulty in fixing on the point in Richards’ line, which should be Ham’s fourth corner; and it is by no means clear that, the construction most unfavorable to the patentee, and which would exclude the locus- in quo, should not be adopted,; which would be to run the fourth line of Ham, either at right angles to that, of Richards, so as to reach it at the shortest possible distance, or to run it so as to approach as nearly as possible to the distance of 83 poles called for.
The only remaining mode of construction would be, to run to the southern extremity of Richards’ line, so as to give the greatest possible distance on that line, which would still be shorter than the distance called for. But it is unnecessary to determine between these various modes in which the survey might be constructed, if the call for the stake in Richards’ line, and thence to the beginning, should be regarded as the controlling calls. The conclusion at which we have arrived, upon the opposite hypothesis, is strengthened by the uncertainty which would ensue from its rejection, and it decides the case.
Wherefore, the judgment is reversed, and the cause is remanded, for a new trial, in conformity with the principles of this opinion.