*Mix*, for appellee.

---

## J. W. SEALE *v*. JOSEPH BRANDENBURG.

**Boundaries—Immovable and Natural Objects—Course and Distance Must Yield—Corner Trees Corresponding with Patent.**

Where the lines and corners correspond with the immovable and natural objects as fixed by the survey, the course and distances must yield and on the contrary when the lines and courses have been effaced courses in the patent must govern. Corner trees being proven to correspond with the calls of the patent is prima facie evidence that the survey was so located.

APPEAL FROM OWSLEY CIRCUIT COURT.

September 10, 1872.

OPINION BY JUDGE PRYOR:

The only difficulty presented in this case is in ascertaining the true boundary of the 2500-acre survey to Craig. As a means of ascertaining the real line and courses it was made necessary to survey the whole of the 5000 acre tract patented to Timothy Combs, the Craig tract forming a part of, and included by that patent. The report of the surveyor made in this case by one evidently conversant with such business, shows that the courses and distances as called for in the patent do not correspond with, or run to the corners as claimed by either party. The bend of the river laid down on the plat of the patent and where the line corners at letter D would never be reached by any of the surveys claimed by the appellant.

On the appellant's plan of survey from what is called the Buffalo corner to the river, this corner being in the north or back line of the survey, the distance to the river is 1520 poles when by the calls of the patent it would only be 900 poles.

The plaintiff has failed to establish any marked lines or corners, corresponding with those of the patent. The line as claimed by

him terminates in different ground and at different natural objects. The survey as claimed by the appellee, although not corresponding with the courses and distances of the patent in every particular, is established as the true survey, not only by the surveyor, but by twelve or fifteen witnesses who have been familiar with the lines and courses of the patent for many years, and many of them deriving their information as to the true corner from those at the time in possession. Several of the corners of the patent are well established by the proof of the appellee and are in the survey as claimed by him. The preponderance of testimony is certainly in favor of the lines and corners as fixed by the red circles on the surveyor's report beginning at 1, and running to 2, 3, 4, 5, 6, and 7.

The rule of law is well settled that where the lines and corners correspond with the immovable and natural objects as fixed by the survey, the course and distances must yield, and on the contrary where the lines and courses have been effaced the courses in the patent must govern. *Dimmitt v. Lashbrook,* 2 Dana, 2.

Corner trees being proven to correspond with the calls of the patent is prima facie evidence that the survey was so located.

The judgment of the Court below is *affirmed.*

*J. W. Seale, for appellant.*

*Thomas Murrell, for appellee.*