## Commonwealth v. Stahr, et al.

(Decided January 28, 1915.)

### Appeal from Fulton Circuit Court.

1. Statutes—Construction—Intention of Legislature.—Courts cannot add to or take from the words of a statute to give effect to any supposed intention of the Legislature; but when the intention can be ascertained with reasonable certainty, words may be altered or supplied in a statute so as to give it effect, and avoid any repugnancy to or inconsistency with such intention.

2. Statutes—When Court May Correct Act.—When it is manifest upon the face of an Act of the Legislature that an error has been made in the use of words, the court may correct the error and read the statute as corrected in order to give effect to the obvious intention of the Legislature.

3. Municipal Corporations—Territorial Limits—Monuments and Lines.—Monuments and plain lines of location must generally, in determining the extent of territorial limits, prevail over any

mere acts of user or attempted jurisdiction by the municipal authorities.

4. Municipal Corporations—Boundary of City.—The corporate boundary of a city can not be extended or altered by officers or employes of the city performing work or doing other acts outside of the city's corporate limits.

5. Deeds—Construction of.—The meaning of a deed, that is, what it covers, is a question of law for the court; what the boundaries of a given piece of land are, is a question of construction for the court also; where they are is a question of fact for the jury.

JAMES GARNETT, Attorney General; FRANK CARR, CARR & CARR, and CHAS. H. MORRIS, Assistant Attorney General, for appellant.

J. W. RONEY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Certifying the law.

The appellees constitute the fiscal court for Fulton county. They were indicted by the grand jury for maintaining and suffering a public nuisance, by permitting a public road known as the State Line Road, to become and remain in an impassable and dangerous condition, to the common nuisance and inconvenience of the public.

It is the contention of the appellees that the State Line Road, sometimes known as State Line Street, lies within the corporate limits of the city of Fulton, and is, therefore, not under the jurisdiction of the fiscal court. That was the only defense to the indictment; and a trial having resulted in a hung jury, the Commonwealth has prosecuted this appeal before a final judgment to have the law of the case certified. This may be done under the authority of the Commonwealth v. Huber, 126 Ky., 456.

It was admitted upon the trial that the division line between the State of Tennessee and the Commonwealth of Kentucky was along the curb line on the south side of State Street, and that the city of South Fulton, Tennessee, is immediately adjacent to and south of the city of Fulton, Kentucky, with State Street as the boundary between said cities. State Street is, therefore, entirely within the State of Kentucky, and is either a street of the city of Fulton or a county road.

That the condition of the street or road constituted a nuisance was admitted; the only question was, whether the street constituting the nuisance was a city street or a public road of the county.

The Commonwealth introduced in evidence the charter of the city of Fulton, granted by the General Assembly in 1890, defining the city boundary, and showing that the southern boundary began at the southwest corner of the Carr Institute lot and extended thence in a northwardly and northeastwardly direction until it was carried "to a stake on the brow of the hill west of the bridge on said State Line Road; thence with said State Line Road to the beginning."

This would seem to indicate, and there was parol proof sustaining the conclusion, that the northern line of the State Line Road or Street was the south boundary line of the city.

There is an obscurity in the description as to the location of the beginning point, which the charter fixes "on the State line at the southwest corner of Carr Institute lot." It is contended that the word "road" was, by mistake, omitted after the words "State Line" and that the beginning point should be fixed by inserting the word "road," thus making the boundary begin "on the State Line Road at the southwest corner of Carr Institute lot," it being claimed that this meaning is borne out by the subsequent description as above given.

The rule is that courts cannot add to or take from the words of a statute to give effect to any supposed intention of the Legislature, but when the intention can be ascertained with reasonable certainty, words may be altered or supplied in a statute so as to give it effect and avoid any repugnancy to or inconsistency with such intention. Where it is manifest upon the face of an act that an error has been made in the use of words, the court may correct the error and read the statute as corrected in order to give effect to the obvious intention of the Legislature. 26 Am. & Eng. Encly. of Law. (2 ed.), 654.

Monuments and plain lines of location must generally, in determining the extent of territorial limits, prevail over any mere acts of user or attempted jurisdiction by the municipal authorities. 28 Cyc., 182.

Parol testimony was given by one of the commissioners who surveyed the city boundary to the effect that the stake referred to in the description as being on the brow of the hill west of the bridge on said State Line Road, was placed on the north line of said road, and

that the southern boundary of the city was the north line of the road.

Appellees did not seriously controvert this testimony, but sought to evade its effect by showing, over the Commonwealth's objection, that the city of Fulton, through its street commissioner, had, on several occasions, worked a portion of the State Line Road; and, further, that the police court of said city had, upon several occasions previous to the indictment, taken jurisdiction of and tried persons who had committed offenses in said road.

The second instruction submitted this defense to the jury by directing an acquittal of the defendants in case the jury should believe from the evidence that the city of Fulton had worked the road and kept it in repair at the city's expense, exercising ownership thereover; and had extended its police jurisdiction over said road.

This was error. The corporate boundary of a city cannot be extended or altered by officers and employes of the city performing work or doing other acts outside of the city's corporate limits. It is not for the municipal authorities to alter the boundaries of the city, unless the power so to do is conferred upon them by the Legislature; and when such power is conferred, it must be exercised under the circumstances and in the manner prescribed. It is axiomatic that since a public corporation can only exercise its functions within the geographical limits of its jurisdiction, that its officers and agents are limited also in this respect, and can only perform their official duties within the limits of the corporation they represent. Abbott on Municipal Corporations, Vol. 2, Sec. 645.

It is the duty of the court to construe statutes, city ordinances and by-laws, and to instruct the jury as to their meaning and effect; and this rule is equally applicable in criminal prosecutions.

In 4 Am. & Eng. Encly. of Law (2 ed.), 809, it is said:

"The meaning of a deed, that is, what it covers, is a question of law for the court; what the boundaries of a given piece of land are is a question of construction for the court also; where they are is a question of fact for the jury."

In 5 Cyc., 969, the rule is stated as follows:

"What are boundaries is a matter of law for the court; where they are, a matter of fact for the determi-

nation of the jury, under proper instructions from the court."

See also Dimmitt v. Lashbrook, 2 Dana, 2; Cockrell v. McQuinn, 4 T. B. M., 63; Ashcraft v. Cox, 21 Ky. L. R., 31, 50 S. W., 986.

The only question really in issue upon the trial was where the boundary line was located. If it was located along the northern boundary of State Line Street or Road, as a matter of law, it did not embrace the road, and the appellees were guilty under the evidence. The testimony relating to the working of the street by the city and the exercise of its police jurisdiction over the street was incompetent and should have been excluded; and, as the second instruction was based upon this incompetent evidence, it should not have been given.

This opinion is certified as the law of the case.