## Rogers Brothers Coal Company, et al. v. Roberts, et al.

(Decided October 26, 1926.)

### Appeal from Pike Circuit Court.

1. Boundaries.—Evidence held to sustain judgment determining location of boundary as described in deed.

2. Boundaries.—Object of rules for establishment of boundaries is to ascertain actual location of boundary as made at the time.

3. Boundaries.—Actual location of line by parties, when clearly shown and long acquiesced in, must prevail; adverse possession thereunder giving title to land.

J. J. MOORE and MOORE & CHILDERS, for appellants.

PICKELSIMER & STEELE for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON —Affirming.

In the excellent brief for appellants the question to be decided on this appeal is thus stated by counsel:

"The only issue presented by this record is whether the deed from Harvey G. Robinson and others to Elisha Branham of date Febrruay 8, 1873, covers the property in controversy or any part thereof claimed by appellees. If it does the judgment should be reversed. If not, it should be affirmed."

The deed in question is a conveyance of a tract of thirty-five acres of land, more or less, lying on the west

side of Caney creek in Pike county, and described as follows:

> "Beginning at a water oak on the dividing line between said Elisha Branham and William Kinney; thence running up the hill on west side of a straight line to the top of the ridge between said Caney creek and the Daniel Roberts branch; thence running up the ridge to the dividing line between said Elisha Branham and David Branham; thence running down the hill with the line thereof to a planted stone at or near said Caney creek; thence running down said creek with the meanders of said creek to opposite the beginning."

Appellees prove by four or five witnesses that a water oak standing on the side of the road had been for many years recognized as the beginning corner of the deed; that many years ago a fence was built along the line running from this point up to the ridge or nearly up to it, and was recognized as the line between the parties; that the owner on each side cleared and cultivated the land on his side of the fence and both recognized the line indicated by the fence running out from the water oak as the line between them for much more than twenty years, and there was no controversy on the subject until this suit was brought.

On the other hand, appellants locate the corner about 600 feet lower down on Caney creek, and show that if the deed is reversed according to the calls it will strike the creek at this point, but no marks of any sort are found on the line or at either corner.

On these facts the circuit court gave judgment in favor of appellees. The appeal raises simply a question of fact, and on the whole record the court is unable to say that the judgment of the circuit court is against the weight of the evidence. The object of all rules for the establishment of boundaries is to ascertain the actual location of the boundary as made at the time.

> "When a line was actually run it must be as so run, the true boundary." Dimmitt v. Ashbrook, 2 Dana 1.
> "The actual location of a line controls, and although a deed calls for a straight line between two points, if the line is in fact located and marked as a

crooked line, the latter controls." Johnson v. Harris, 68 S. W. 845. To same effect see Jones v. Hamilton, 137 Ky. 258; Shackelford v. Walker, 156 Ky. 181.

Mistakes may be made in drawing the description of the land in the deed as well as in other instruments; the actual location of the line by the parties, when clearly shown and long acquiesced in, must prevail; for when they have established the line and each has held as his own the land on either side for fifteen years, such adverse possession gives title to the land up to the line. The proof for the appellees is practically uncontradicted, and it cannot be held that the judgment is against the weight of the evidence.

Judgment affirmed.