## Kelsay et al. v. Koger et al.

(Decided February 6, 1931.)

E. BERTRAM and DUNCAN & BELL for appellants.

H. C. KENNEDY, S. G. SMITH and J. A. FLOWERS for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

On October 15, 1881, A. R. Frogg and his sister, Nancy H. Kelsay, who prior to her marriage to Thomas Kelsay had been Nancy H. Koger, divided between themselves what is known in this record as the Samuel Long patent of 466 2/3 acres, Frogg taking the eastern half and Mrs. Kelsay the western half. The beginning point of the division line as described in their deeds of division was where the ''Wayne county and Clinton county line crosses the Monticello and Albany road.'' It is conceded

that this beginning point is a well-known and well-established monument. Shortly thereafter, Nancy Kelsay conveyed to her son, G. B. Koger, part of her portion of the Samuel Long patent. The beginning point of the tract conveyed to G. B. Koger was the same as the beginning point of the division line in the division deed Frogg had made to Mrs. Kelsay, and the first 15 calls of the G. B. Koger deed corresponded to the 15 calls of the division line. From the end of the division line there were in the G. B. Koger deed 11 other calls, making 26 in all. The parties to the litigation had no trouble in running the sixteenth to twenty-fourth calls, inclusive, of this G. B. Koger deed. The twenty-fourth call ended at a white oak, and it is conceded that a stump of a white oak tree was found at the end of the call. The last two calls of the G. B. Koger deed are as follows: ''Thence (from the white oak) north 23 west 16 poles *to a stake on the old line;* thence with it north 55 east 245 poles to the beginning, containing 89 acres by survey.'' (Italics ours.) The defendants, now appellees, in this action are the successors in title to G. B. Koger. On the 28th day of January, 1882, Nancy Kelsay conveyed to her other son, T. M. Koger, another part of Mrs. Kelsay's portion of the Samuel Long patent. The beginning point of the tract conveyed to T. M. Koger was ''at a stake in the Samuel Long corner.'' There is no dispute in the record about where this beginning point is located. The first three calls of this T. M. Koger deed are: ''Thence north 133 poles to a stake his corner, thence north 55 east 30 poles *to a stake on the old line;* thence south 23 degrees east 16 poles to a white oak.'' (Italics ours.) This white oak is the same white oak that is the terminus of the twenty-fourth call in the G. B. Koger deed. The calls of the T. M. Koger deed then run with the calls of the G. B. Koger deed reversed until they reach the end of the fifteenth and last call in the division deed between Nancy Kelsay and her brother. The remaining calls of the T. M. Koger deed run with the outside lines of the Samuel Long patent until they reach the beginning point in the T. M. Koger deed. It should be stated at this point that one of the corners of the Samuel Long patent was the beginning point in the division deeds between Nancy Kelsay and her brother and the beginning point in the G. B. Koger deed. Running northwardly from this corner the next two calls of the Samuel Long patent are: ''North

67 west 109 poles to a stake; thence south 55 degrees west 275 poles to a stake." The last line thus described, "South 55 west 275 poles to a stake," is one of the outside lines of the Samuel Long patent, and it will be noted that the course of this outside line is the same course described in the second call of the T. M. Koger deed and in the twenty-sixth call of the G. B. Koger deed, and that if the distance of 30 poles of the second call of the T. M. Koger deed be added to the distance of 245 poles of the twenty-sixth call of the G. B. Koger deed, the aggregate of 275 poles is exactly the distance of this outside line of the Samuel Long patent. It is not denied but that the second call of the T. M. Koger deed runs with this outside line of the Samuel Long patent. It is further conceded that the twenty-fifth call of the G. B. Koger deed, which reads, "North 23 west 16 poles to a stake on the old line," will not, if the distance of 16 poles be adhered to, reach from the white oak which is the terminus of the twenty-fourth call and the beginning point of the twenty-fifth call to this outside line of the old Samuel Long patent, nor will, as the evidence satisfactorily discloses, the terminus of a line of 16 poles coincide with any line of any other patent included within the Samuel Long patent. It is conceded that for this twenty-fifth call of the G. B. Koger deed to reach the outside line of the Samuel Long patent, the call will have to be extended about 70 poles. Further, it will be impossible, if the terminus of the twenty-fifth call in the G. B. Koger deed be located 16 poles away from the white oak, to make the closing line which is the twenty-sixth call of that deed correspond in course or distance with the wording of that call, which is "North 55 east 245 poles." At this point it may be remarked that in the T. M. Koger deed, where it is conceded that the second call, which reads, "North 55 east 30 poles to a stake on the old line," runs with the outside line of the Samuel Long patent to which we have referred, the third call which reads, "South 23 degrees east 16 poles to a white oak," and which is nothing more than the twenty-fifth call of the G. B. Koger deed reversed, will not reach the white oak unless also extended about 70 poles. There can be no contention but that this third call of the T. M. Koger deed must be so extended. The plaintiffs in the instant suit, now appellants, are descendants of Nancy Kelsay. Insisting that the G. B. Koger tract should be closed by a line drawn from the terminus

of the twenty-fifth call in the G. B. Koger deed as literally written to the beginning point of the deed, they claim to be the owners of that part of the Samuel Long patent inclosed by the two outside lines of the Samuel Long patent to which we have heretofore referred, by the closing line of the G. B. Koger tract as they say it should be run, and by a line drawn from the terminus of the twenty-fifth call of the G. B. Koger deed to the terminus of the second call of the T. M. Koger deed. In their petition they alleged that the defendants had cut timber and mined coal from the tract which they thus claimed, and they brought suit for damages for the trespass. E. E. Koger, whom the plaintiffs admit is common in interest with them, declined to join in the suit, for which reason he was made a party defendant. The defendants claimed that they were the owners of the land in question, insisting that the terminus of the twenty-fifth call of the Koger deed should be extended to the outside line of the Samuel Long patent, thus coinciding with the terminus of the second call of the deed of T. M. Koger, and that from that point their lines should run back to the beginning with the outside lines of the Samuel Long patent to which we have referred. After the evidence had been heard, the court peremptorily instructed the jury to find that the boundaries of the G. B. Koger deed should be established by extending the twenty-fifth call of the G. B. Koger deed until it reached the outside line of the Samuel Long patent and at the terminus of the second call of the T. M. Koger deed, and that the G. B. Koger tract should then be closed by a straight line from the point thus established to the point at the beginning. From that judgment the plaintiffs appeal, but the defendants have prosecuted no cross-appeal, and therefore we have left for decision only whether the court correctly extended the twenty-fifth call of the G. B. Koger deed to the outside line of the Samuel Long patent or not.

As said in the case of Rogers Bros. Coal Co. v. Roberts et al., 216 Ky. 214, 287 S. W. 725, the object of all rules for the establishment of boundaries is to ascertain the actual location of the boundary as made at the time. To the same effect is Crider v. Crum, 233 Ky. 414, 25 S. W. (2d) 1009. In this case, the evidence leaves no doubt whatever about the proposition that Mrs. Kelsay was trying to divide her land between her two sons. It is conceded that the second call in the T. M. Koger deed

runs with the outside line of the Samuel Long patent in question. This call in the T. M. Koger deed calls for a stake on the old line as its terminus, which stake on the old line is the beginning point of the third call in that deed the course and distance of which is identical with the course and distance of the twenty-fifth call of the G. B. Koger deed, and the terminus of this third call of the T. M. Koger deed, the white oak refers to the same white oak which is the beginning point of the twenty-fifth call of the G. B. Koger deed. As all the remaining calls of the T. M. Koger tract, where it abuts on the G. B. Koger tract, are identical with the calls of the G. B. Koger tract reversed, it inevitably follows that "a stake on the old line," the terminus of the twenty-fifth call of the G. B. Koger deed, was meant to be the same "stake on the old line" which was the beginning point of the third call in the T. M. Koger deed and the terminus of the second call of that deed. It is conceded that the course of the last call in the G. B. Koger deed, which is the same as the course of the second call of the T. M. Koger deed, is also the same course as that of the outside line of the Samuel Long patent. The distance of the twenty-sixth call of the G. B. Koger deed, when added to the distance of the second call of the T. M. Koger deed, makes 275 poles, which is exactly the distance of the outside line of the Samuel Long patent in question. When we have added to these facts the long acquiescence without claim on the part of the predecessors of the plaintiff to any of this tract of land in dispute and indeed several acts on the part of some of the plaintiffs or their predecessors recognizing the title of the defendants or their predecessors there is no escaping from the conclusion reached by the court that the twentfiy-fifth call of the G. B. Koger deed should be extended as the court did in this case. Whether or not the court erred in failing to run the remaining calls of the G. B. Koger tract with the outside lines of the Samuel Long patent, although that would have required the insertion of a call, need not here be discussed, since its failure to do so in no wise prejudiced the appellants, but only the appellees, who are not complaining. But certainly there was no error in extending the twenty-fifth call as the court did. Its judgment is therefore affirmed.