## Rouse v. Fergerson.

(Decided March 21, 1933.)

B. A. RICE for appellant.

H. S. ROBINSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN—Affirming.

The plaintiff (appellee here) brought this suit against the defendant, alleging, in substance, that he was the owner of a described triangular tract of land which the defendant had entered upon and inclosed without right or authority. He asked that he be adjudged title to the land, that the defendant be ejected therefrom, and for damages for the trespass. By his answer and counterclaim the defendant set up that he was the owner of this triangular tract of land, but admitted the inclosure thereof. On the issues thus raised, the parties went to trial; the parties and the court treating the action as one to quiet title. The chancellor adjudged that the plaintiff was the owner of the land in question, quieted his title thereto, and gave him one cent damages for the trespass committed thereon by the defendant. The defendant appeals from that judgment.

He first bitterly complains of the filing of an amended petition which he says was not filed in accordance with the Code provisions relating to the filing of pleadings, and especially amendments. Without enter-

ing into a discussion of the merit of appellant's position, it is sufficient to say that the amended petition simply averred with some detail the fact that the plaintiff claimed title to the land in question by adverse possession as well as by paper title. It was really not necessary that this amended petition should have been filed, since the plaintiff under the allegations of his original petition to the effect that he was the owner of the title to the land in question could have established that fact either by showing a paper title or one by adverse possession. Le Moyne v. Hays, 145 Ky. 415, 140 S. W. 552; Combs et al. v. Combs, 238 Ky. 362, 38 S. W. (2d) 243. The filing of the amended petition added nothing material to what was already in the original petition, and therefore, even if the appellant be correct in his contention about the violation of Code provisions in the filing of this amended petition, a question we need not decide, he was not prejudiced thereby.

Appellant next contends that the judgment of the court is without support in the evidence. It would serve no useful purpose to detail at length all the evidence that was introduced in this case. Suffice it to say that neither party traced any title to the land in dispute back to the commonwealth. There were gaps in the connecting links in both chains. We are of opinion, however, that the plaintiff did establish title by adverse possession to the land in question. This plot of ground in dispute approximates in appearance a right angle triangle, and, for purposes of discussion, we shall so regard it. It lies between the farms of the plaintiff and defendant. The plaintiff claims that the division line between his farm and that of the defendant runs along the lines of the triangle forming its base and altitude. The defendant claims the line to be the hypothenuse of the triangle. The evidence shows that for more than the statutory period there has been an old rail fence succeeded by a barb wire fence along the base of the triangle, probably taking in a little more land than plaintiff now claims. Along the line forming the altitude of the triangle runs an old abandoned road, along which, or a portion of which, there has also been a fence. The defendant has but recently bought his farm. The evidence shows that his predecessors in title have for more than 15 years prior to the institution of this suit recognized the division line between the farm defendant now owns and plaintiff's farm as

claimed by the plaintiff and his predecessors in title, that defendant knew of this prior to the purchase of his farm, and indeed helped a surveyor to run the line as plaintiff now claims it in order that he might get a proper description for the deed he was to get for this farm. The line of the base and the altitude was a well-defined line, and the record very satisfactorily establishes that the plaintiff and his predecessors in title have for more than 15 years last past been in possession of this disputed triangle claiming to this well-defined line, and that the predecessors in title of defendant not only knew of this, but acquiesced in it. There was ample evidence to support the chancellor in his finding that the plaintiff had established title to this triangular strip by adverse possession, and his judgment is affirmed.