## Wood et al. v. Harmon.

Dec. 19, 1941.

Henry C. Gillis and Tye & Siler for appellants.

E. L. Stephens for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming.

The plaintiff below, J. L. Harmon, and John Wood, Jr., owned adjoining farms in McCreary County, which before its formation were located in Whitley County. The lands are a part of patent No. 53494 of 200 acres which Jacob E. Harmon had surveyed in 1853, and subsequently transferred the survey to John Wood, Sr., to whom the patent was issued. Wood died in May 1897, the owner of more than 600 acres of land, and in a suit in the Whitley Circuit Court to settle his estate soon after his death his lands were subdivided by commissioners appointed by the court. This litigation deals with parcels 13, 14 and 16 in the subdivision of the John Wood, Sr., lands and involves the title to about one and one-quarter acres of land, triangular in shape.

A stipulation shows that the plaintiff, Harmon, has a complete chain of title from John Wood, Sr., to tract No. 16 and that the defendant, John Wood, Jr., has a complete chain of title from his father, John Wood, Sr., to part of tract No. 14. The lands of the plaintiff and defendant adjoin, and the last line in the plaintiff's deed runs from an undisputed black gum (still standing) corner "thence North 47 West 47 poles to the beginning," which is described in his deed as "beginning at two pines, the southern corner of said Harmon's survey";

while the second line in defendant's deed runs from this same undisputed black gum corner "North 47 West 40 poles to two hickories, now gone."

The plaintiff alleges defendant has no right, title or interest in the land described in his petition, but has wrongfully trespassed thereon, and he asks that his title be quieted to his boundary and that he recover $100 damages for the trespass. The first paragraph of the answer denies that the plaintiff has title to so much of the land described in the petition as laps upon the land described in the second paragraph in the answer, and denies defendant has trespassed upon plaintiff's land. The second paragraph describes defendant's land, the second line of which is the same as plaintiff's last line, with the exception that it lacks 7 poles of being as long. The defendant asks that the title to his land be quieted against the claim of the plaintiff.

The only controversy between the parties is the proper location of the "two pines" corner to which the line "North 47 West" runs from the undisputed black gum corner. It is contended by the plaintiff that such corner depends upon its correct location from the original patent, while defendant contends its correct location is where the commissioners placed it in dividing the lands of John Wood, Sr., regardless of whether or not they located it at the point called for in the original patent. In other words, defendant contends that as both he and the plaintiff deraign their title through the commissioners who divided the lands of John Wood, Sr., the location of this "two pines" corner by the commissioners is binding on them as well as all other parties deriving title through such commissioners' deeds.

The chancellor adjudged that the disputed line did not run "North 47 West 47 poles" but that it ran "North 22 West 47 poles" to the two pines called for as the beginning corner of plaintiff's land described in the petition.

There was much testimony taken as to where the "two pines" corner is located in the original patent as well as the commissioner's survey, and, as might be expected, there was considerable conflict therein. No pines are standing where plaintiff claims the corner is, although some trees marked as pointers are there and a corner stone had been planted in a depression where it

was testified the pines stood. There is a marked small scrub pine standing where defendant's evidence places this corner, but it scarcely appears of sufficient age to have been an original corner tree.

A question of fact is presented on this appeal. Without entering into what we regard as an unnecessary discussion of the evidence, it will suffice to say that after reading the record we are unable to see wherein the judgment of the chancellor is against the weight of the evidence, hence it will not be disturbed.

The defendant argues that as the pleadings of both parties give the same division line, "North 47 West" in their respective deeds, there is no issue raised by the pleading. It is true there is no issue between the parties as to this line being given in their respective deeds, but the issue between them is where this line is located when run out on the ground. Each party differs from the other as to the location of the "two pines" corner, and as was written in Rogers Bros. Coal Co. v. Roberts, 216 Ky. 214, 287 S. W. 725, 726, "The object of all rules for the establishment of boundaries is to ascertain the actual location of the boundary as made at the time."

It is next contended by defendant that as the pleadings of both parties allege this division line to be "North 47 West" the judgment finding the line to be "North 22 West" and not "North 47 West" cannot rest on the evidence alone unsupported by the pleading, citing Howard v. Howard, 264 Ky. 311, 94 S. W. (2d) 652; Wigginton's Adm'r v. Louisville R. Co., 256 Ky. 287, 75 S. W. (2d) 1046; Pilcher v. Stadler, 276 Ky. 450, 124 S. W. (2d) 475, and other cognate cases. Evidently, counsel overlooked that his client's pleading alleged this line runs from the black gum corner to the "two pines" beginning corner, while his adversary's pleading averred it runs from this same black gum to two hickories. It is well settled that courses and distances give way to natural objects. Kenmont Coal Co. v. Combs, 243 Ky. 328, 48 S. W. (2d) 9, and authorities there cited. When the chancellor let the course of "North 47 West" give way to "North 22 West" in order that the line might run from the agreed black gum corner to the point where he found the proof located the "two pines" corner, it cannot be said the proof is at variance with the pleadings or that the pleadings do not support the judgment.

Defendant asks us to invoke the rule enunciated in

Albertson v. Chicago Veneer Co., 177 Ky. 285, 197 S. W. 831, 835; Givens v. United States Trust Co., 260 Ky. 762, 86 S. W. (2d) 986; Bryant v. Strunk, 151 Ky. 97, 151 S. W. 381:

"The rule that courses and distances must yield to natural objects and established boundary lines, in fixing the boundaries of lands, does not apply, when it is evident that the call for a natural object or an established boundary line was made, under the mistaken belief that it existed at the point where the surveyor reported it to be, when in fact the natural object and boundary line was not at that point."

This exception to the rule that courses and distances give way to natural objects and established boundary lines has no place in the instant case because the evidence does not show that the surveyor made a mistake as to the location of the "two pines" corner, or that he supposed it to be in one place when it was actually at another.

If we should accept defendant's contention and reverse the chancellor and fix the disputed "two pines" corner at the place he insists it should be located, we would disturb the fenced boundary line of seven or eight small farms which border on the line "South 45 East 200 polies" in the Wood's patent. These seven or eight landowners knew the facts and were interested in the location of the disputed corner since it materially affected one of their boundaries bordering on the line "South 45 East 200 poles." As the point where the chancellor located this disputed corner has been acquiesced in for some years by all these parties, it will not be disturbed. Kenmont Coal Co. v. Combs, 243 Ky. 328, 48 S. W. (2d) 9.

The judgment is affirmed.