## Conyers' Adm'x et al. v. McGee.

### May 11, 1943.

L. M. Ackman for appellants.

F. A. Harrison and R. L. Vincent for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming.

Appellee, C. McGee, filed his petition in equity against D. V. Conyers and others to quiet his title to a small corner of land which had been severed from the remainder of his real estate in Grant county by the construction of the Taft highway at its intersection with the Williamstown-Jonesville highway. Previous to the institution of the action, Mr. Conyers erected a fence on the property along the Taft highway, thus attempting to bring it within his enclosure.

The defendants did not ask that they be adjudged to be the owners and entitled to the possession of the land but merely defended the attempt of the plaintiff to have his title quieted. The western and southern boundary of the property in dispute is adjacent to a large tract owned by the Conyers. The eastern boundary is adjacent to the Taft highway. McGee owns the property to the east of the highway.

The chancellor gave judgment for the plaintiff and further directed the defendants to remove the fence they had built on the property. Appellants contend: (1) that the judgment, if based on paper title is not supported by the evidence; (2) the judgment, if based upon adverse possession, is not supported by the pleadings or evidence.

In constructing the Taft highway in the year 1935, the engineers eliminated a curve at the intersection of the old highway with the Williamstown-Jonesville road. Previous to the change in the location of the highway, the property in dispute was bounded on the west and south by the old road. Mr. Conyers' predecessor in title was Alex Dunlap. When the new highway was built, the foreman in charge of the construction fenced the Dunlap land up to the western and southern boundary of the old road and no protest was made by Mr. Dunlap concerning the location of the fence. The easterly half of the old road is included in the land in dispute. That part reverted to the owner of the balance of the strip upon abandonment of the old road. Several witnesses introduced by the defendants testified that the strip has always been in the possession of Conyers and his predecessors in title and it is claimed that the descriptions in the deeds under which the Conyers claim include the strip, but we cannot definitely ascertain this fact because their boundary is described solely by degrees and distances. Numerous witnesses for appellee testified that since 1908, appellee's predecessors in title maintained a fence between the old road and the land in dispute; and, until Mr. Conyers built the fence which the judgment requires him to remove, appellee and his predecessors in title were in the peaceful possession of the property. In addition thereto, his deed and the deeds of his predecessors in title include the strip of land in question, except, of course, that part which was used as a right of way for the old road.

We deem it unnecessary to burden the opinion with the detailed testimony of each of these witnesses. Suffice it to say the evidence was conflicting and in our opinion preponderates in favor of the contention of appellee and the decree of the chancellor.

When Mr. McGee acquired the property from his immediate antecedent in title, Mrs. Ethel Phillips, the latter excepted the boundary in dispute from the clause warranting the title. It is argued that this was an admission on her part that she did not have title to the property, but we cannot agree with this contention. She conveyed the boundary in dispute, thus asserting that she had title to the property; but she was sufficiently prudent, in view of appellants' claim, to call the grantee's attention to the dispute. At the time Mr. Conyers built

the fence along the easterly boundary of the land in dispute, it was in the possession of appellee. Appellants now argue that by building the fence, Mr. Conyers included the land in his own enclosure and thereby came into possession of the property; that because he was in actual possession of the land, appellee cannot maintain this action to quiet the title. But such contention cannot be upheld, because by fencing the property in the possession of another who claims either under paper title or adverse possession, the person fencing off the property merely becomes a trespasser and does not deprive the other of possession necessary to maintain the action to quiet title. Calhoun v. Gayhart, 280 Ky. 170, 172, 132 S. W. (2d) 760.

In drafting the second amended petition, appellee pleaded adverse possession. This amendment was not filed by order of the court. It therefore cannot be considered as a part of the record. Appellants contend that the failure to plead adverse possession rendered the evidence in respect thereto incompetent. This contention is likewise without merit. Under the general allegation that plaintiff was the owner and entitled to possession of the land, proof of adverse possession is competent, without specific pleading to that effect. In the case of Rouse v. Fergerson, 248 Ky. 302, 58 S. W. (2d) 593, the court said:

> "Without entering into a discussion of the merit of appellant's position, it is sufficient to say that the amended petition simply averred with some detail the fact that the plaintiff claimed title to the land in question by adverse possession as well as by paper title. It was really not necessary that this amended petition should have been filed since the plaintiff under the allegations of his original petition to the effect that he was the owner of the title to the land in question could have established that fact either by showing a paper title or one by adverse possession. Le Moyne v. Hays, 145 Ky. 415, 140 S. W. 552; Combs et al. v. Combs, 238 Ky. 362, 38 S. W. (2d) 243."

The record does not raise even a doubt in our minds as to the correctness of the decree of the chancellor. That being true, his finding will not be disturbed. Wood et al. v. Harmon, 288 Ky. 746, 157 S. W. (2d) 292.

The judgment is affirmed.