CASE 49—PETITION EQUITY—APRIL 19.

# Right Rev. George McCloskey, Roman Catholic Bishop v. Doherty, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

1. WHEN THE NAME OF A CORPORATION IS CHANGED, either real or personal property held by it in its old name may be recovered by it in its new name without any transfer of title. Besides, as the defendant in this case contracted with the corporation in its new name, it is estopped to deny its title.

2. RIGHT TO ENJOIN TRESPASS.—For a mere trespass where the recovery in damages will fully compensate for the wrong, a court of equity will not interfere; but the rule is different where the

trespasses are continual, and must result in a multiplicity of suits, and particularly where the wrong complained of is the assertion of a right not only hostile to the claim of the real owner, but that by its exercise will give the wrongdoer by the use and claim such a right as will deprive the real owner of title.

In this case, in which the defendant claiming under a lease for fifty years of a right of way for the construction of a railroad over plaintiff's land, has constructed his road over land upon which he had no right to enter under the lease, his acts not only constitute a continuing trespass, but the continued use of that part of the land upon which he has constructed his road will in time give him an easement of which he can not be deprived, and to prevent such a result the chancellor will interfere by injunction.

3 TRESPASS TO LAND—PARTIES TO ACTION.—Where the land is in the possession of tenants the right of action for a mere entry on the possession without any injury to the freehold is in them and not in the landlord. But where there is an injury to the freehold the rule is different, as by express provision of statute the owner of land may maintain an action to recover damages for any trespass committed thereon, or to prevent any trespass thereon, although he may not have the actual possession at the time of the trespass. (Ky. Stats., sec. 2361.)

4. PURCHASER AT JUDICIAL SALE.—The title to the right of way acquired by a purchase under a judgment of the chancellor gave to the purchaser no better title than the original lessees had.

5. ESTOPPEL.—The evidence fails to show any acquiescence on the part of the grantor amounting to an estoppel.

P. B. & UPTON W. MUIR FOR APPELLANT.

1. As appellees claim under appellant as tenants they are estopped to deny his title.

2. If they are not claiming under appellant, and are not estopped from denying his title, they are clearly trespassers without right or color of title, and in such case it is necessary only to prove fifteen years' possession on the part of appellant and those through whom he claims in order to secure the redress sought in this case. And whether such trespassers or not, adverse possession is enough. (15 Ky. Law Rep., 112; 1 Ky. Law Rep., 357; 13 Ky. Law Rep., 516; 10 Ky. Law Rep., 643, 661, 850, 851; 87 Ky., 426.)

3. The act of 1888 merely changes the corporate name of the Bishop, and it is not necessary for a corporation to convey to itself every time its name is changed. (16 Am. & Eng. Enc. of Law, p. 138;

' Cahill v. Bigger, 8 B. Mon., 213; Coleman v. Morrison, 1 A. K. Mar., 406; McMillan v. Brown, 1 A. K. Mar., 153; Trustees of Hawesville v. Hawes' Heirs, 6 Bush, 236.)

4. The proof shows a clear case of adverse possession for twenty years.

5. Injunction is the proper remedy against a continuing trespass. (Hibbs &c. v. C. & S. W. R. Co., 39 Iowa, 343; 3 Pomeroy's Eq. Jur., sec. 1337; Carpenter v. Gwynne, 35 Barb., 395; Deveney v. Galligher, 20 N. J. Eq., 33; Wood on Nuisances, sec. 817 and authorities cited in note 4; Murphy v. Lincoln and others, 63 Vt., 280; 10 Am. & Eng. Enc. of Law, pp. 877, 881; Story's Eq. Jur., sec. 928; High on Injunctions, secs. 697, 700, 702; O'Hara v. Johnson, 7 Ky. Law Rep., 296; Chiles, Thompson & Co. v. Ringo, &c., 14 Ky. Law Rep., 302; Ellis v. Wren, 84 Ky., 254; Musselman v. Marquis, 1 Bush, 465; Preston v. Preston, 85 Ky., 16; Shock v. City of Falls City, 31 Neb., 599; Ashurst v. McKenzie, 92 Ala., 484.)

Injunction is also proper remedy where a trespass by being continued will ripen into an easement. (High on Injunctions, sec. 702; Poiner v. Fetter, 20 Kan., 47; Murphy v. Lincoln, 63 Vt.; Johnson v. Rochester, 13 Hun., 285.)

Injunction is proper in this case because the freehold itself is injured and vitally interfered with. (Rohmeiser v. Bannon, 11 Ky. Law Rep., 987; Peake v. Hayden, 3 Bush, 126; Bonaparte v. Camden & H. R. Co., Baldwin, 231.)

The right to injunction is given by statute. (Ky. Stats., sec. 2361.)

6. There is no element of estoppel in the facts alleged by appellees in their answer. (Bigelow on Estoppel. 437.)

MATT O'DOHERTY FOR APPELLEES.

1. Plaintiff is estopped to claim the relief which he seeks. (Herman on Estoppel & Res Judicata, secs. 938, 939, 940.)

2. To warrant the interference of a court of equity in restraint of trespass, the plaintiff must show that he has a perfect title. (High on Injunctions, secs. 701, 705, 726.)

3. It can not be urged that defendants are estopped to deny plaintiff's title to land, which they do not, according to plaintiff's own contention, hold from him either as tenants or vendees, or otherwise than forcibly and wrongfully.

4. Plaintiff has failed to show title to the land in dispute.

The object of the act of April 18, 1888, was to create a new corporation and to vest in that corporation the title to such prop-

erty as the Rt. Rev. Wm. Geo. McCloskey owned as Roman
Catholic Bishop of Louisville. But this the Legislature had no
power to do. (Const. of Ky., sec. 11; Dartmouth College v.
Woodward, 4 Wheat., 508; Cooley's Const. Limit., 6 ed., p. 288.)

There is no evidence to identify the land in controversy as
any part of that embraced by any deed or will in evidence; nor
is there in any deed or will offered any description of property
corresponding to that of the land in dispute or embracing it.

5. Injunction is not the remedy. (Civil Code, sec. 84, sub-sec 2;
   Burr v. Woodson & Co., 1 Bush, 602; High on Injunctions, secs.
   324, 360, 699; Pfeltz v. Pfeltz, 14 Md., 376; Wangelin v. Goe, 50
   Ill., 459; Stevens v. Beekam, 1 Johns. Ch'y, 318; Jerome v. Ross,
   7 Johns. Ch'y, 315; Hillman v. Hurley, 6 Ky. Law Rep., 683;
   Van Wert v. Webster, 31 Ohio St., 421.)

6. The land in controversy has been continuously rented out to ten-
   ants for the last twenty years. Therefore, the tenant and not
   the landlord must maintain the action for trespass. (1 Wash-
   burn on Real Property, p. 566; Pogue v. McKee, 3 Mar., 127;
   Hugden v. Temple, 12 B. M., 201; Walden v. Conn, 8 Ky. Law
   Rep., 282; Hillman v. Hurley, 6 Ky. Law Rep., 684.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

In the month of September, of the year 1888, the Rt. Rev.
William George McCloskey, Roman Catholic Bishop of Louis-
ville, granted and conveyed to John G. Mattingly & Sons,
of Louisville, a right of way over certain lands, for the period
of fifty years, for the construction and operation of a rail-
road for the private use of the firm, to run from their place
of business to and from the railroad. The lessees trans-
ferred the lease of this right of way to B. D. Mattingly and
Charles Doherty. John G. Mattingly, etc. failed, and the
right of way was sold under a judgment of the Louisville
Chancery Court, and purchased by the appellee Doherty, or
at least the appellee claims to have derived title under that
purchase. The appellant was not a party to the action in
which that right of way was sold, nor does it appear that he
had any knowledge of what had been sold under the judg-
ment. The lease describes the location of this road, and

specifies the exact boundary of the right of way, and this controversy has originated from the failure of the appellee, or the lessees of the appellant, to construct its road on the right of way as agreed upon by the parties to the lease. It is conceded, or if not the testimony shows, the lessees paid no regard to the boundary specified in the lease, but made such a divergence from the main route or boundary defined as to sever a part of the appellant's land from the principal tract, and in such a manner as to render that part of it cut off valueless, and, as appellant claims, to the great injury of his possession.

This action was instituted to quiet the title of the appellant, in which it is alleged, the appellee is continuously using this right of way with his cars running over the appellant's land at a place not authorized by the lease, and an injunction sought to prevent this continued use of the premises, and to so reform the lease as to locate the road where the parties agreed it should be placed.

That part of the petition asking for a reformation of the lease was withdrawn, and the case was heard upon the issue, as to the proper location of the appellee's right of way under the lease, and his right to use it as constructed, upon the ground of acquiescence on the part of the grantor, and the right of the appellee to hold it by reason of the sale made under the order of the chancellor. It may be also said the appellee placed in issue the title of the appellant as well as the possession, and denied the commission of any trespass on his premises.

This land, as appears from the record, belongs to the diocese of which the appellant, Rt. Rev. William George McCloskey, is bishop, and has been held by him and the bishops preceding him for many years. Prior to April, 1888, the title was vested in the "Rt. Rev. William George McCloskey,

Roman Catholic Bishop of Louisville, and his successors in office," at which time the style of this corporation was changed by an act of the legislature, to that of "Rt. Rev. William George McCloskey, Roman Catholic Bishop of Louisville," omitting the words, "and his successors in office," and it is now contended that as the name of the corporation was changed, it was necessary, in order to pass the title, that a conveyance should have been made from the one corpora-tion to the other, as the legislature had no power to divest one of title in that mode. We think it manifest that a mere change in the corporate name is not a divestiture of title, or such a change as would require a regular transfer of title to property, whether real or personal, and the last named corporation being the same as the first, and held for like purposes and by the same person, such an objection is no obstacle to the recovery. Besides, it appears that the appel-lee, or his vendor, contracted with the Rt. Rev. William George McCloskey in his corporate name, and acquired the right of entry and possession under this title, and is estop-ped from denying the manner of his holding. This right of way was carved out of the tract of land then claimed and in the possession of this corporation, and the entry of the appel-lee was under this title.

It is true if the land on which the alleged wrongful en-try was made was not in the possession of the appellant or his tenants, or belonged to another, the appellee could to that extent question the title, but there is no effort to show title in another, and the appellant by himself and ten-ants, and those under whom he claims, has shown an actual and continued possession with the claim of ownership for more than thirty years, with this land, of which the right of way forms a part, enclosed by a fence since the year 1862, and with this character of title it is needless to examine

the evidences of paper title found in the record. In fact, the appellant shows an actual continued possession by himself and tenants for about eightteen years prior to the bringing of the action.

It is again contended that the appellant having an adequate remedy at law for this wrongful entry, a court of equity should not take jurisdiction to quiet the title by reason alone of the trespass upon the part of the appellee.

It is a well settled rule of law that for a mere trespass where the recovery in damages will fully compensate for the wrong a court of equity will not interfere, but equally as well settled, that where the trespasses are continual and must result in a multiplicity of suits, a court of equity will interfere, and, particularly, when the wrong complained of is the assertion of a right not only hostile to the claim of the real owner, but that by its exercise will give the wrongdoer, by the user and claim, such a right as will deprive him (the real owner) of title. (Poirier v. Fetter, 20 Kan., 47; Musselman v. Marquis, 1 Bush, 463; Peak v. Hayden, 3 Bush, 125.)

The acts of the appellee in this case not only constitute a continuing trespass, but the lease under which he claims gives him the possession under the grant for the period of fifty years, and the continued use of that part of the land upon which he had no right to enter would, in a much less period of time, give to the appellee an easement of which he could not be deprived, and to prevent such a result the chancellor will interfere by injunction. (Murphy v. Lincoln, 63 Vt., 278; 1 High on Injunctions, 702.)

It is again insisted that as the appellant's tenants were in the actual possession the action should be in their names. While for a mere entry on the premises without any injury to the freehold such would be the rule, the stat-

ute provides "that the owner of land may maintain the appropriate action to recover damages for any trespass or injury committed thereon, or to prevent or restrain any trespass or other injury thereto or thereon, notwithstanding such owner may not have the actual possession at the time of the commission of the trespass."   (Ky. Stats., section 2361.)

We find no element of estoppel in this case either by acquiescence on the part of the appellant or by any subsequent contract, but on the contrary the way or its boundary was so specifically defined ·as not to admit of any doubt as to the place for the construction of the railway, and the proof shows there was no excuse to so far depart from the location of this route as to leave it several hundred feet without the consent of the appellant.

There is no pretense that any consent was obtained to this change of location, or that the appellant, or his agent, Father Bouchet, knew of the construction of this way on a different route than that provided in the lease.   Some testimony was introduced showing that Bouchet, the agent, had, at one time, taken a buggy ride in the vicinity of the road, but his testimony is that he never knew of this wrongful location of the road until about six months before the action was instituted, ¡and that ·as soon as he discovered the wrongful appropriation of the land, he made known his objection, and much time seems to have been consumed by both parties in a fruitless effort to adjust the matter in dispute.

The title acquired by the purchase under the judgment of the chancellor gave to the appellee no better title than the lessees had, and while it may be a source of great inconvenience to the appellee to disturb him in his possession, the title to the land in dispute being in the appellant,

the appellee must surrender it, as neither the letter of the lease or a liberal construction of its terms will authorize the chancellor to adjudge that he can hold the possession against the consent of the real owner. It results therefore that his title should be quieted, and the appellee required to remove his track and locate it on the ground designated in the lease, or so construct it as to keep himself within the terms of the grant.

Judgment reversed and cause remanded for proceedings consistent with this opinion.