## Wilson, et al. v. Catron.

(Decided February 12, 1918.)

### Appeal from Knox Circuit Court.

1.    Adverse Possession—Continuity of Possession.—In order to per-
fect title by adverse possession, such possession must be continuous
for the whole period prescribed by the statute of limitations. Any

break or interruption of the continuity of the possession will be fatal to the claim of the party setting up such title.

2. Adverse Possession—Continuity of Possession—Evidence.—In an action for the recovery of land, evidence examined and held insufficient to show such a continuity of possession for the statutory period as will ripen into title.

3. Trespass to Try Title—Tax Sale—Purchaser—Judgment.—Where in an action of trespass to try title, plaintiffs failed to prove title by adverse possession, defendant, who had purchased at a tax sale the interests of the heirs of the original patentee, was properly adjudged to be the owner of the land, it not appearing that there was any irregularity in the tax proceeding.

DISHMAN, TINSLEY & DISHMAN for appellants.

J. D. TUGGLE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiffs, John H. Wilson, T. S. Wilson, M. S. Costellow and W. F. Costellow, her husband, brought this suit against defendant, J. F. Catron, to recover a tract of land in Knox county, and to enjoin the defendant from cutting and removing the timber therefrom. By answer and counter-claim, defendant denied the title of plaintiffs, pleaded title in himself, and asked that he be adjudged the owner of the land. On final hearing the petition was dismissed and defendant was granted the relief prayed for. Plaintiffs appeal.

Defendant's title is as follows: The land was patented by James Payne in the year 1852. Thereafter James Payne died leaving certain heirs. In the year 1907, J. F. Hawn, as revenue agent for the State at large, instituted an action in the Knox county court against James Payne's heirs for the purpose of listing the land for taxation as their property for the years 1903, 1904, 1905, 1906 and 1907. In this proceeding a judgment was rendered assessing the land for the years referred to and ordering a sale thereof to pay the taxes so assessed. A sale was made by the sheriff of Knox county on October 28th, 1907, and the land was purchased by the defendant. On April 6th, 1911, a subsequent sheriff of Knox county executed to defendant a deed for said land.

Plaintiffs, J. H. Wilson, T. S. Wilson, and M. S. Costellow are the only heirs of H. K. Wilson, deceased, and W. F. Costellow is the husband of M. S. Costellow. Ac-

cording to their evidence, James Payne, patentee, sold the land by parol to H. K. Wilson in the early 50's. It does not appear that the land was ever occupied or cultivated by H. K. Wilson himself or any tenant that he placed thereon. The only act of ownership that he ever exercised over the land was the occasional cutting of tumber. Subsequently he sold the land by parol to John R. Payne. Though John R. Payne stated that he took possession of the land in 1888 or 1889, the decided weight of the evidence is to the effect that he never took possession until the year 1893. Thereafter he continued to cultivate the land in corn until the year 1902, when he and the Wilson heirs executed a writing rescinding the parol contract of sale. At that time he surrendered the possession of the land and thereafter plaintiffs rented the land to three tenants who cultivated the land in corn for four years. Exactly what years these tenants occupied the land in question does not appear. Within two years after the sheriff's sale, plaintiffs tendered to defendant the sum of $58.62, the amount of taxes, interest, penalties and costs, for the purpose of redeeming the land.

It may be conceded that if plaintiffs acquired title by adverse possession under the parol purchase of their father, then the heirs of James Payne had no title and defendant acquired nothing by his purchase. When we come to consider the question of adverse possession, the fact that H. K. Wilson, who had purchased the property by parol, occasionally cut timber off the land, is entitled to no weight whatever. We must therefore look to the evidence respecting the cultivation of the land by John R. Payne, and by the tenants placed thereon by plaintiffs after the rescission of the parol sale to John R. Payne. Even if John R. Payne, by himself or others, cultivated the land during the whole of each year occurring between the date of his parol purchase and the date of its rescission, he could not have been in possession longer than nine or ten years, and even if we concede that the tenants who followed him took immediate possession and cultivated the land for each of the succeeding four years during the entire period of those years, such possession would not have exceeded fourteen years at the most. As a matter of fact, however, the evidence fails to show that these parties successively cultivated the land for a period of fifteen years or that they cul-

tivated it for any one year for such a length of time as to make their holding adverse during that year. On the contrary they merely planted the land in corn which necessarily left the land uncultivated for a substantial portion of each year. In order to perfect title by adverse possession, such possession must be continuous for the whole period prescribed by the statute of limitations. Any break or interruption of the continuity of the possession will be fatal to the claim of the party setting up such title. 2 C. J., P. 80, section 64; Terry v. Loudermilk, 158 Ky. 353, 164 S. W. 959; White v. McNabb, 140 Ky. 828, 131 S. W. 1021; Rogers v. Moore, 9 B. Monroe, 401; Norton v. Doe, 1 Dana 14. Since the evidence in this case failed to show a continuity of possession for the statutory period on the part of plaintiffs and those through whom they claim, it follows that the chancellor did not err in holding that they failed to show title by adverse possession.

It is not claimed that there was any error invalidating the tax proceeding by which defendant acquired title. On the death of James Payne, the original patentee, the title descended to his heirs at law, and defendant by his purchase acquired their title. Since plaintiffs failed to show title by adverse possession, the chancellor properly adjudged that defendant was the owner of the land.

Judgment affirmed.