### Fitzgerald v. Aldridge, et al.

(Decided February 8, 1924.)

Appeal from Boyle Circuit Court.

1. Ejectment—Showing of Title to be Made by Plaintiff.—In ejectment, the plaintiff must ordinarily trace a paper title back to the Commonwealth, or show a possessory title in himself and his vendors for the statutory period.

2. Adverse Possession—Payment of Taxes and Taking of Timber Held Not Continuous Adverse Possession.—Going upon unfenced land several times each year to take timber and payment of taxes thereon held not continuous unbroken possession which would give possessory title.

3. Adverse Possession—Holding Must be Continuous and Uninterrupted.—To gain title by adverse possession, claimants' holding must be continuous and uninterrupted for the statutory period with claim of title throughout that time.

W. C. WOOD, and PURYEAR & CLAY for appellant.

JOHN W. RAWLINGS and CLAUDE D. MINOR for appellees.

OPINION OF TE COURT BY TURNER, COMMISSIONER— Reversing.

This is an action in ejectment by appellees, one of them being an heir-at-law of W. I. Kimberlin, deceased, and the other the vendee of the other heirs-at-law of Kimberlin.

At the close of the plaintiffs' evidence on the trial, appellant (defendant) asked for a directed verdict, which was denied him, and the court submitted the case to the jury, which found a verdict for the plaintiffs, and defendant declining to introduce any evidence has appealed.

In ejectment the plaintiff must ordinarily trace a paper title back to the Commonwealth, or he must show a possessory title in himself and his vendees for the statutory period. The plaintiffs in this case undertook to prove no paper title, but endeavored to show a possessory title in themselves and the ancestor of their vendees, W. I. Kimberlin. Whether they have shown such possessory title is the only question necessary to determine.

Appellant is in possession of the land under a deed from the heirs of Nancy E. Bruce, deceased, and the evidence tends to show Mrs. Bruce inherited the land from her father, Thomas R. Moore; while the appellees are claiming their title through possession of themselves and their ancestor, W. I. Kimberlin.

The land is referred to as about twenty acres of "knob land," and was up to 1921, when appellant took possession of same, uninclosed woodland, without fence or building upon it, and no part of the same had ever been, up to that time, cultivated by any one, and there had never been an occupant upon it.

The evidence shows that W. I. Kimberlin, through whom appellees claim and through whose possessory title

they are claiming, lived in the same general neighborhood of this twenty acres, and that for many years before his death in 1911 he had gone upon this uninclosed tract of land and taken timber from it. He cut firewood there, and timber for rails and posts, and at one time some saw logs which were used in erecting a building elsewhere. This he did some several times every year for a long period, but at no time did he actually reside upon the land, or have a tenant thereon, nor was there a building for any such tenant to live in. He never erected any fence upon it whatever, not did he ever cultivate any part of it, but the only acts of ownership were his periodical visits to it upon the occasions when he desired to take timber therefrom.

He died in 1911 and his widow and children thereafter, until 1919, when the widow died, appear to have occasionally exercised the same privilege. In addition to these occasional excursions to the land for timber purposes, it is shown that W. I. Kimberlin in his lifetime, with a few exceptions, paid the taxes on this twenty acres, and that his widow after his death paid the same up to 1919. It is not shown that W. I. Kimberlin, or any of his heirs, ever marked any well defined boundary, although there were marks indicating an older marked boundary.

If it should be conceded that W. I. Kimberlin, or those claiming through him, were ever at any time in the actual possession of the tract of land in question by reason of their occasional excursions thereon to get timber, still it is perfectly clear there was never any such continuity of possession as could have ripened into a title. There is no evidence that either Kimberlin or his heirs ever remained upon the land either by themselves or their employees for more than a day or two upon any occasion, and consequently when they upon another and different occasion went upon it for the same purpose there had been a break in the continuity of possession which is fatal to the ripening of a possessory title.

As said by this court in the case of Asher v. Gibson, 198 Ky. 285, in considering a similar question:

"But in order for such consequences (the ripening of a possessory title) to be visited upon the true owner it is everywhere recognized that the adverse holder must, in the language of some of the opinions, 'keep his flag flying,' which is to say that his holding

must be continuous and uninterrupted for the statutory period, and that an uninterrupted claim of title throughout that time must be made by the one so holding. In other words, the adverse possession must be such as to give a cause of action for every moment of the statutory period; if it is broken it ceases to run and will not again accrue until a new adverse holding is begun, in which case the prior holding before the break may not be tacked on to the subsequent one to complete the period."

In the same case it is pointed out, with a citation of authorities, that occasional trespassing by cutting timber, or otherwise, is not such continuous occupany or assertion of ownership as will eventually ripen into a possessory title.

It is apparent, therefore, there was no such evidence of possessory title in the appellees, or those through whom they claim, as authorized a submission of that question to the jury, and the directed verdict asked for by the defendant should have been given.

The judgment is reversed with directions to grant appellant a new trial, and for further proceedings consistent herewith.