## Combs et al. v. Jones et al.

### Russell v. Same.

(Decided June 17, 1932.)

C. A. NOBLE for appellants.

J. K. P. TURNER for appellee Nancy Ann Russell.

W. C. EVERSOLE for appellee Farris Jones.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Appellants, who were the heirs at law of Nicholas Combs, deceased, brought this action against Farris Jones and Nancy Ann Russell to quiet their title to a tract of approximately 50 acres of land located in Perry county. They claim they acquired title to this land in the following manner: It is part of a 100-acre survey patented by their great grandfather, Nicholas Combs, in 1856, which was inherited by Wesley Combs, only child and heir at law of Nicholas Combs. Wesley Combs conveyed it to his wife, Nancy Combs, in 1899, and she conveyed it to appellants' father, Nicholas Combs, in 1903.

Farris Jones in his answer traversed appellants' claim of title and denied that they were in actual possession of the land. In a counterclaim he set up title in himself under a patent issued to John A. Duff in 1852 and also by adverse possession.

Nancy Ann Russell in a separate answer alleged that she was the owner of a one-half interest in the land described in the petition which she acquired in the following manner: She was one of 8 children of Nancy Combs. Upon the latter's death she inherited an undivided one-eighth interest in the land and later purchased the interests of three of her sisters. She alleged that the remaining one-half interest was owned by the following

persons: An undivided one-eighth interest by appellants, as heirs at law of Nicholas Combs, who was her brother, and an undivided one-eighth interest by each of her sisters, Mrs. Mill Godsey, and Mrs. Dyce Jones, and her brother, Granville Combs. Mrs. Godsey, Mrs. Jones, and Granville Combs are not parties to this litigation. Nancy Ann Russell's answer was made a counterclaim against her codefendant, Farris Jones.

The issues were completed by appropriate pleadings, and a large amount of proof was taken. Upon final submission the court adjudged that the defendant Farris Jones was the owner of a certain described tract of land which included a part of the land described in plaintiffs' petition, and that Nancy Ann Russell was the owner of an undivided one-half interest in the remaining land described in the petition and the petition was dismissed. The plaintiffs have appealed, and the defendant Nancy Ann Russell has also appealed from so much of the judgment as adjudges her codefendant, Farris Jones, title to any part of the land described in the petition.

The record discloses that the land in dispute is uninclosed and is in the actual possession of none of the parties. It is urged by appellees that, as appellants failed to show they are in actual possession of the land, they cannot maintain an action to quiet title, and section 11 of the Kentucky Statutes is cited. It has been held that, in an action under this section of the statutes, the plaintiff must allege and prove that he is the owner and in possession of the land. Perry v. Eagle Coal Co., 170 Ky. 824, 186 S. W. 875; Childers v. York, 187 Ky. 332, 218 S. W. 1027; Blythe v. Warner, 190 Ky. 104, 226 S. W. 669; Leach v. Taylor, 206 Ky. 28, 266 S. W. 894.

However, the appellee Jones filed an answer in which he asked for affirmative relief, and it is a well-established rule that, where a defendant himself asserts title by answer and counterclaim and asks for affirmative relief, the court, will pass on the question of superiority of title, notwithstanding plaintiff's failure to show actual possession. Osborn v. Osborn, 204 Ky 144, 263, S. W. 738; Burger v. Allen, 211 Ky. 742, 277 S. W. 1032; Moren v. Houston, 222 Ky. 785, 2 S. W. (2d) 667; Cooper v. Williamson, 191 Ky. 213, 229 S. W. 707.

Appellee Farris Jones' claim of superior paper title must fail for two reasons: First, he utterly failed to prove any paper title; and, second, it is clear that the

John A. Duff patent does not include any of the land in dispute. This patent was issued in 1852 and called for 75 acres in Perry county on Lost creek, a branch of Troublesome. The only surveyor introduced as a witness testified that he went upon the ground and, starting at the beginning point, ran the three lines of the Duff patent which lay nearest to the land in dispute, and that the nearest point in the Duff patent to the land claimed by the appellants was more than 400 feet distant. Appellee introduced a number of witnesses who testified that they had seen surveyors run the lines of the Duff patent on several occasions, and that the line of the sixth call crossed the line of the first call several poles from the beginning point, and, as thus surveyed, included a portion of the land in dispute. They all agreed, however, that, when the lines were so run, the survey failed to close by several hundred feet. It is clear that one of the calls in the survey is erroneous. The surveyor who testified in the case filed with his deposition a plat which is a copy of the plat which appears with the original survey which was made on October 2, 1843. The Duff patent as described in that plat does not conflict with the Nicholas Combs patent of 1856 of which the land in dispute is a part. A mistake in the calls of a patent may be corrected by reference to the original plat, and, in ascertaining boundaries, attention should be given to the figure of the survey in the absence of any other controlling influence. Howes v. Wells, 110 S. W. 245, 33 Ky. Law Rep. 212; Brashears v. Joseph, 108 S. W. 307, 32 Ky. Law Rep. 1139; Combs v. Virginia Iron, Coal & Coke Co., 106 S. W. 815, 32 Ky. Law Rep. 601; Hogg v. Lusk, 120 Ky. 419, 86 S. W. 1128, 27 Ky. Law Rep. 840.

In the instant case, if the calls are reversed, starting at the beginning point, it is also clear that the description in the Duff patent does not conflict with the description in the Nicholas Combs patent. Where there is a known error, the calls may be reversed in order to correct the error and close the survey. Simpkins' Admr. v. Wells, 26 S. W. 587, 16 Ky. Law Rep. 113; Combs v. Valentine, 144 Ky. 184, 137 S. W. 1080.

Farris Jones testified that he had been in possession of the land included in the Duff patent for forty years and claimed the title, but failed to disclose how his alleged title had been acquired, except that he relied upon adverse possession to a well-defined boundary for a period of more than fifteen years. He introduced in evi-

dence a judgment obtained by him in the Perry circuit court in 1902 against William Noble, whose land adjoins the Duff patent on the east. The land in dispute lies west of the Duff patent. That judgment adjudged the land in dispute between Jones and Noble to Jones, and, as described therein, includes a portion of the Nicholas Combs patent. Jones relies upon this judgment, but none of the appellants nor any of their ancestors or predecessors in title were parties to that suit, and consequently they are not bound by the judgment.

The only evidence of adverse possession by Jones consisted of proof that he sporadically removed timber from the land in question and on one occasion sold the timber thereon. The purchaser, however, failed to remove the timber when Nancy Combs, who was then living, objected. On other occasions when Jones attempted to cut timber on the land, he was prosecuted by the appellants. Occasional entries upon uninclosed land to cut timber is not such an adverse holding as will invest the trespasser with title, though his acts continue sporadically over a period of fifteen years. Neeley v. Guthrie, 236 Ky. 81, 32 S. W. (2d) 567; Kentucky Union Co. v. Gilliam, 235 Ky. 316, 31 S. W. (2d) 388; Lykins v. Keeton, 234 Ky. 421, 28 S. W. (2d) 472; Swift Coal & Timber Co. v. Ison, 231 Ky. 404, 21 S. W. (2d) 659; Fitzgerald v. Aldridge, 201 Ky. 846, 258 S. W. 665; Arthur v. Humble, 140 Ky. 56, 130 S. W. 958; Auxier v. Herald, 96 S. W. 915, 29 Ky. Law Rep. 1093. The appellee Jones having failed to show either paper title to the land or title by adverse possession, the judgment as to him must be reversed on both appeals.

The heirs of Nicholas Combs have also appealed from that part of the judgment giving to Nancy Ann Russell an undivided one-half interest in the land in controversy. They rely upon the deed from their grandmother, Nancy Combs, to their father, Nicholas Combs, in which the land conveyed was described as follows:

"A certain tract or parcel of land lying and being in the county of Perry and state of Kentucky on the waters of Lost creek of Troublesome of the North Fork of the Kentucky river, and bounded and described as follows, viz.: Beginning on the top of the hill in line of Joe Campbells; thence with the line of same to the line of the Lost Creek Coal Company bought of Walter Campbell; thence with the line of

same down the ridge to Malen Jones line; thence with line of same to line of J. W. Combs; thence with line of same to Nicholas Combs line; thence with Nicholas Combs line up Lost creek as it meanders to Joe Campbells' line; thence with said line to the beginning; containing 100 acres more or less. And the said Nicholas Combs is to take care of Nancy Combs her life time for the consideration heretofore mentioned in this deed. This deed is to include all the lands that Nancy Combs owns on Lost creek from the beginning down Lost creek.."

Nancy Ann Russell claims, and her claim is supported by a number of witnesses, that the 100-acre tract conveyed by her mother, Nancy Combs, to her brother, Nicholas Combs, lies down Lost creek and north of the tract in controversy, and that the land in which she claims an undivided one-half interest is land which was owned by her mother at the time of her death and which was not conveyed by her to her son, Nicholas Combs, but was inherited by all of her children. Appellants claim, however, that the last clause of the deed is a general description and includes all of the land then owned by Nancy Combs, and that their father took title, not only to the 100-acre tract specifically described but to all other land on Lost creek owned by Nancy Combs. We think this contention is unsound. It was clearly the intention of the grantor to convey only the land on Lost creek and extending down the creek from the point of beginning of the specifically described tract. Where the identity of the property conveyed cannot be gathered from the intention of the parties as shown by the instrument itself and the surrounding circumstances, and the intention of the parties must be gathered solely from the description itself, a particular description will be given priority over a general one. Hatcher v. Virginia Mining Co. 214 Ky. 193, 282 S. W. 1102; McKinney v. Raydure, 181 Ky. 163, 203 S. W. 1084; Pendergrass v. Butcher, 158 Ky. 321, 164 S. W. 949. There is an exception to this rule, it is true, where it appears from the instrument itself and the circumstances surrounding the parties that it was their intention to give effect to the general description rather than the particular one, and, where such intention is shown to exist, the deed will be construed in conformity therewith. This case does not fall within that exception, since it is patent from the deed

518

itself that Nancy Combs did not intend to convey all of the land on Lost creek owned by her, but only so much of it as extended down the creek from the beginning line of the specifically described property.

Neither party introduced a surveyor who had gone upon the land and located the tract conveyed by Nancy Combs to appellants' father, and, although the witnesses disagree as to the location of this tract, some claiming that it includes the land in dispute, while others say it is north of that tract, it is conceded by all of them that the lines described in the deed can be definitely located. The evidence is too vague and unsatisfactory to justify a final judgment, particularly in view of the fact that the boundaries of the tract of land conveyed to appellants' father by Nancy Combs can be definitely ascertained.

Three of the heirs of Nicholas Combs would be adversely affected in the event the land in controversy is adjudged to appellants, and they should be made parties to the action. Since they are not parties to the action, and in view of the unsatisfactory and indefinite character of the evidence bearing on the dispute between appellants and Nancy Ann Russell, we conclude that the parties should be given further opportunity to take proof on this phase of the case.

The judgment in so far as it adjudges the title to any part of the land in dispute to Farris Jones is reversed on both appeals, and, in so far as it adjudges the rights as between appellants and Nancy Ann Russell, it is reversed for further proceedings consistent herewith.