## Calhoun et al. v. Gayhart et al.

Oct. 20, 1939.

Carl Dewey Perkins for appellants.

D. H. Hall for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

This action was filed by appellees against appellants to quiet title to approximately 4 acres of land on Owens Branch in Knott County. Appellants answered denying title in appellees and asserting title in themselves, but not praying affirmative relief. The trial court granted the relief prayed for, adjudging appellees to be the owners of the land in controversy and quieting their title thereto, and from that judgment the appeal is prosecuted.

Appellants and appellees are the owners of adjoining farms, both claiming under a common source of title, A. J. Calhoun, and title to the four acres in dispute de-

pends upon the proper location of the boundary line between the two farms. In fact, the whole controversy hinges on the correct location of a black gum tree which is one of the calls in appellees' deed, this being the only natural object called for in the deed which has any possibility of being definitely located. The evidence was largely devoted to showing the correct location of this corner, it being contended by appellees that the correct location of it was at a point in or near to the garden of Nick Sloan, while appellants contend that its correct location was about 200 yards down the creek at a point opposite an old splash dam.

Commissioners at one time made a division of the land in controversy and from their testimony it appears that they filed a report showing the location of the line both ways, that is, as contended for by both appellants and appellees. In running the division line, appellant, John Calhoun, pointed out to the commisisoners the location of the black gum at a point opposite the old splash dam, and it appears that at this point there was a stump, but they were unable to tell what kind of a tree it was. At the point where the appellees claim the black gum was located the commissioners found black gum sprouts and there had been a tree at this point. This resulted in the filing of the report showing the lines as claimed by the respective parties.

We have examined the testimony carefully and it would serve no useful purpose in this opinion to set it out in detail, but after a careful reading of same, we are convinced that the testimony, with the exception of one witness, is about of equal weight as to the correct location of this black gum which determines the line. This one witness to whom we refer is Jesse Hylton, who was the surveyor at the time the commissioners filed the report above mentioned and who gives it as his judgment that the disputed land is embraced by appellees' deed on account of the fact that it calls for "a northward course up the point," and that if the division line is run as contended for by appellees, the line does run to a point, but that if run as contended by appellants, it does not run to a point but to a swag. We might add that other testimony in behalf of appellees is to the same effect. When the testimony of this witness is considered with the other testimony in behalf of appellees, it is our opinion that the evidence preponderates in favor of appellees and that the chancellor was justified

in so finding. If, from our consideration of the record, we were not satisfied that the evidence preponderated in favor of appellees but were only in doubt, we would still be obligated to affirm the finding of the chancellor.

The appellants insist, however, that the appellees are bound by the division deeds executed in the division of the Bates land pursuant to the action of the commissioners above mentioned. This might be true if the line was capable of being definitely established from the commissioners' reports and deeds made accordingly but, as above indicated, the commissioners reported the division line both as contended for by appellants and appellees which, of course, resulted in no definite establishment of the line.

It is contended by appellants that appellees could not maintain this action to quiet title because they were not in actual possession of the land in controversy; that appellants had fenced the land and were in actual possession. Some evidence was introduced by each side showing sporadic acts of possession such as cutting timber, splitting rock, etc., but the evidence was far from sufficient to show title in either party by actual adverse possession. Both parties were in actual possession of their respective farms and both claimed title to the four acres in dispute, this four acres being unenclosed forest land. In these circumstances the possession of the land in controversy, not being actually occupied, attaches to the better title. Kentucky Land & Immigration Co. v. Crabtree, 113 Ky. 922, 70 S. W. 31, 24 Ky. Law Rep. 743. As we have indicated, appellees' contention is correct as to the location of the division line. The actual possession of appellees under their deed extended to the calls of their deed which include the four acres. The rule is that one in possession of a tract of land claiming ownership under a deed with intention to possess it all is in the constructive actual possession of the land to the extent of the boundaries described in his deed, except such as may be in the actual possession of another Heinrichs v. Polking et al., 185 Ky. 433, 215 S. W. 179; Rader v. Howell, 246 Ky. 261, 54 S. W. (2d) 914. Appellees were therefore in possession of the land to which they sought to quiet title, and appellants, by fencing off same, became only trespassers and did not thereby deprive appellees of such possession as was necessary to maintain an action to quiet title.

Judgment affirmed.