## Oglesby v. Nation.

### March 22, 1940.

Geo. S. Wilson, Judge.

W. W. Kirtley and E. B. Anderson for appellant.

H. A. Birkhead and Lee Gibson for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On June 18, 1908, J. H. Oglesby, the husband of appellant and plaintiff below, Susan E. Oglesby, conveyed to her by deed several parcels of land situated in Daviess County, Kentucky, each parcel being minutely described in the conveyance—one of which contained fourteen acres "more or less, Less 1¼ acres sold to Henry Sosh, and one acre sold to William Shaney, also one acre sold to Alton Parsons." After deducting the exclusions from that tract there was conveyed by the deed to plaintiff 12¾ acres as contained therein. The 1¼ acres, excluded from that description as belonging to Henry Sosh, was in one corner of that described tract and the record discloses that it was sold to him considerably prior to the time of the J. H. Oglesby convey-

ance to his wife, the plaintiff, and upon which he settled and built a house thereafter occupied by himself and family. However, it is claimed that his purchase from whomsover made (the record not disclosing) was by parol, or if there was ever a deed of conveyance it was never recorded and has become lost.

Sosh died in 1912, and in a suit to settle his estate the small parcel of land upon which he lived was sold under judgment of the court by its commissioner. However, in that action, pursuant to which the sale was made, it was described as two acres instead of one and one-fourth acres. The appellee and defendant, John Nation, is the remote vendee of that small parcel from the purchaser at that judicial sale. This action was filed by plaintiff against defendant in the Daviess circuit court wherein plaintiff alleged in her petition that defendant in 1935 trespassed upon her land adjoining his small parcel and had cut and sold from her adjoining land some seventeen or eighteen hundred locust fence posts and had otherwise damaged her possession and title, for which she sought recovery of damages in the sum of $787.25. She also averred in her petition that she was in possession of the land upon which the trespass was committed and prayed for the quieting of her title.

Defendant denied the material averments in the petition and affirmatively averred that he was the owner by adverse possession of three and one-half acres of land instead of one and one-fourth acres, and which he averred was increased to that acreage by adverse possession of himself and prior owners beginning with Sosh himself. He alleged that the latter, when he moved upon the small parcel of land and built his residence thereon, fenced off three and one-half acres—all of which he claimed to own and possess—and that he and successive vendees had adversely occupied the parcel of land as so enclosed, claiming it as their own against all of the world for a period of more than fifteen years. He also averred that such adverse occupancy was being maintained by Sosh at the time plaintiff received her deed from her husband, and that its purported conveyance of any part of defendant's alleged enclosure was champertous and void. A reply controverted such defenses and upon trial the court at

the close of plaintiff's testimony sustained defendant's motion for a directed verdict in his favor, which the jury returned, followed by a dismissal of plaintiff's petition, to reverse which she prosecutes this appeal.

We are informed by briefs that the ground upon which the court acted in sustaining defendant's motion was that plaintiff did not prove his title back to the commonwealth, and which is true. She did not trace title beyond her husband, nor did she prove that his title and that of Sosh was traceable to the same source, which, if true, would have dispensed with proof of title back to the commonwealth. However, plaintiff did allege, and we think prove, that she took possession of all the land conveyed to her by her husband, including the fourteen acre tract (exclusive of exceptions therefrom) immediately after receiving her conveyance, with the strong inference that her husband for some period of time prior thereto was also in the same possession. She testified that she had been in possession since receiving her title, and that portions of the fourteen acre tract conveyed to her had been cultivated since that time until she and her husband concluded that it could be more profitably employed in growing locust trees for posts, and that they thereafter devoted it to that purpose, some of which trees were the ones cut and appropriated by defendant, and for which recovery was sought by plaintiff.

Plaintiff's pleadings as outlined were sufficiently broad to make her action one of trespass to try title, or one to recover damages against a trespasser upon her rightful possession. It is essential, under numerous opinions of this court, that in order to obtain complete relief on the trial of an issue of title the one trespassed upon must allege and prove, if denied, title back to the commonwealth, or title by adverse possession, unless title of each litigant is traceable to a common source—in which case no title beyond that source need be proven. Though perhaps not as conclusive as it might have been done, yet we construe the testimony in the case to be such as to authorize the submission of plaintiff's adverse possession of the land alleged to have been trespassed upon by defendant from and after the time of receiving her conveyance from her husband. However, if it should be found

that her proof was insufficient to so ripen title in her, then there can be no question but that the evidence shows she was in possession of the land upon which the alleged trespass was committed at the time it was done, and, of course, had the right to recover whatever damages the trespass inflicted upon her possession.

If plaintiff had obtained title by adverse possession, then she need not have been in actual possession in order to maintain this trespass action against defendant, and which was so determined by this court in the case of Meehan v. Edwards, 92 Ky. 574, 18 S. W. 519, 19 S. W. 179, 13 Ky. Law Rep. 803. Indeed, such right is given by section 2361 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes. To the same effect are the cases of McCloskey v. Doherty, 97 Ky. 300, 30 S. W. 649, and Scroggins v. Nave, 133 Ky. 793, 119 S. W. 158, 159.

In the late case of Calhoun v. Gayhart, 280 Ky. 170, 132 S. W. (2d) 760, 761, there was presented to us the question as to what constituted ''possession'' so as to entitle one to maintain an action to quiet title. The one claiming the benefit of that remedy in that case exhibited a paper title which embraced the disputed land, though the evidence did not establish physical actual possession. We held therein that ''One in possession of a tract of land claiming ownership under a deed with intention to possess it all is in the constructive actual possession of the land to the extent of the boundaries described in his deed, except such as may be in the actual possession of another. Heinrichs v. Polking et al., 185 Ky. 433, 215 S. W. 179; Rader v. Howell, 246 Ky. 261, 54 S. W. (2d) 914.'' That excerpt is applicable to the facts of this case and sustains plaintiff's right to maintain this action, though not in the physical possession of the land, provided she proves title in any manner it may be legally acquired. That excerpt is also authority for the proposition that one claiming under a writing describing it under which possession was taken is in possession of all of it not then in the actual physical possession of another. Therefore, under plaintiff's proof in this case she established that she was in possession of the land from which the locust timber was taken by defendant and which taking constituted a trespass upon that possession.

We, therefore, conclude that the court erred in sustaining defendant's motion for a peremptory instruction, but should have overruled it and heard defendant's proof on his defenses of adverse possession and champerty, and then instructed the jury accordingly.

Wherefore, the judgment is reversed, with directions to set it aside, and for proceedings consistent with this opinion.