## Justice v. Staton et al.

June 16, 1942.

Stratton & Stephenson for appellant.
Willis Staton and O. T. Hinton for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The appellant, Zach Justice, instituted this proceeding against Troy Staton and Willis Staton, in August, 1934. He asserted that he was the owner and in the

actual possession of a tract of land in the city of Pikeville, lying on the Sandy River and bound as follows:

> "Beginning on a corner of T. S. Bales lot, (where Butler Bales now lives); thence with line of same down the bank to Sandy River; thence down the river with its meanders to where the county road runs into the river; thence with the lower side of said road up the bank to the beginning, so as to include all the land in said boundary, which is the same property conveyed to G. H. Hughes by James Hatcher and others, deed book 100, page 88."

He asserted also that in February, 1931, Willis Staton and his then wife, Josephine, executed a deed to Troy Staton, trustee, for the house and lot where Willis Staton now resides, the property being described as follows:

> "Beginning on a iron stake by the curb on the northeast side of the street (Scott Avenue) thence with the curb eastward 65 feet; thence to the river; thence with the river to a stake on a line with the northern line of grantors property; thence with said line westerly to an iron stake 10 feet from the first house; thence to the beginning."

The appellant asserted further that the aforementioned Staton deed covered a portion of his boundary and that at the time of the execution of that deed his immediate grantor was in the actual adverse possession of the whole tract and that, by reason of his adverse possession and that of those under whom he claimed title, the attempted conveyance by the Statons was champertous and void. The appellant prayed that he be adjudged the owner of the disputed property and that his title be quieted and that the Staton deed be set aside as casting a cloud upon his title. Responsive pleadings showed that the Staton property had been conveyed to Eliza Staton, the present wife of Willis Staton. The controversy, therefore, is between Zach Justice and Eliza Staton, though we may say in passing that the moving spirit on the side of Mrs. Staton is her husband. In October, 1935, the Statons filed their joint and separate answer and counterclaim in which they asserted that Mrs. Staton was the owner and in possession of the property described in the aforementioned Staton deed. The issues having been joined through further pleadings, proof was taken, including the filing of some 30 or more deeds and charts as ex-

hibits, and judgment entered in favor of the Statons as to that part of the land claimed by them and covered in the Justice deed.

The ground urged for reversal is that the pleadings and proof do not support a judgment in favor of the Statons.

The record is rather an unsatisfactory one. Descriptions in many of the exhibits are vague and indefinite, making it difficult to trace the ownership and possession of the small piece of property in dispute. As we understand the record, the disputed property is bound by a line running from the end of the 65 foot call along Scott Avenue in the Staton deed to the river, thence down the river to the old road and back along the old road to the beginning. The old road, connecting a ferry and Scott Avenue, was used for many years until its abandonment in 1927. The property does not appear to be of any considerable value and the record reflects that at least a part of the controversy arose from none too friendly feelings between the appellant and Willis Staton. Each side charged the other with questionable maneuvers. Both sides, of course, introduced deeds and testimony to substantiate their claims to good paper title and possession. Quitclaim deeds form the principal basis of appellant's claim to paper title. On the other side descriptions in some of the deeds relied upon by the Statons for paper title are rather vague, one of them apparently referring to the disputed land in these terms:

> "* * * and this deed conveys any title owned by Mrs. Kentucky Ferrell below the road back of said lots to the river."

The proof as to the claims of the appellees, however, by virtue of adverse possession of some of their predecessors, is much stronger than that for the appellant. We gather from the record that it was the view of the chancellor that the appellees presented a stronger case both as to paper title and adverse possession. The appellant was unable to show that he had been in the actual possession of the boundary in dispute. Ordinarily, both paper title and possession must be shown by the plaintiff to win in an action to quiet title, but where, as in this case, the defendant asserts title by counterclaim and asks affirmative relief the courts will pass upon the question of superiority of title notwithstanding the plaintiff's

failure to show actual possession. Crawley v. Mackey, 283 Ky. 717, 143 S. W. (2d) 171.

Entertaining no more than a doubt as to the correctness of the chancellor's conclusions that the claims of the Statons both as to paper title and possession were superior to those of the appellant, we conclude that the judgment should be and it is affirmed.