# Marsee et al. v. Colson et al.

April 30, 1948.

R. L. Maddox and Henry L. Bryant for appellants.

Robert J. Watson and Herd & Watson for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The Kentucky National Park Commission instituted a proceeding in the Bell County Court to condemn 280.9 acres of land in Bell County for park purposes. The land is to be used as part of the Cumberland Gap National Historical Park. J. Francis Marsee, J. Rowe Marsee, Gaines Marsee and their wives, and about 60 members of the Colson family, descendants of Richard C. Colson, Sr., and their respective spouses were made defendants. It was alleged in the petition that the Marsees claim all or part of the land by adverse possession and that J. Rowe Marsee and Gaines Marsee had built houses on part of the land. It was also alleged that the Colsons claim title to the land by reason of patents granted to their ancestor, Richard C. Colson, Sr. The

land was described by metes and bounds and as being located on the north side of Cumberland Mountain, east of the City of Middlesboro. It extends to the Virginia and Tennessee state lines. Commissioners were appointed and they awarded to the defendants for the land and the improvements thereon the sum of $7,030. All of the parties filed exceptions to the report of the commissioners and a jury was impaneled to try the issues of fact made by the exceptions. The jury by its verdict fixed the value of the land at $5,618 and of the improvements thereon at $3,750, a total of $9,368. Judgment was entered on the verdict, and, because there were conflicting claims to the land condemned and all the claimants were before the county court in the condemnation proceedings, the case was transferred to the Bell Circuit Court pursuant to the provisions of KRS 416.-070 for the purpose of having the rights of the respective claimants determined. The Kentucky National Park Commission paid into court $9,368, the amount of the award. The case was tried before a jury in the Bell Circuit Court and at the conclusion of the evidence the court peremptorily instructed the jury to find for the Colson heirs. This judgment was then entered: "It is therefore the judgment of the court that the Colson heirs are entitled to receive the fund in court as their own and that the Marsee claimants are not entitled to any part thereof." The Marsees have appealed.

The presiding judge in sustaining the motion for a directed verdict in favor of the Colsons assigned as a reason for his ruling the failure of the proof to show that the houses and land occupied and claimed by the Marsees were inside either of two patents issued to Richard C. Colson, Sr. It was his view that the land embraced by these two patents was the only land involved in the case and that the Colsons had established title thereto. The two patents are Patent No. 47,457 for 200 acres, issued to Richard C. Colson, Sr., in 1872, and Patent No. 60,734 for 150 acres, issued to Richard C. Colson, Sr., in 1887. The appellees introduced a map which shows that the 200 acre patent adjoins the 150 acre patent on the west and overlaps a major portion of the Thomas Drake patent. The acreage of the Thomas Drake patent is not shown, but, apparently, it embraces about 50 acres. The Thomas Drake patent is senior to

the Richard C. Colson, Sr., 200 acre patent and the Colson heirs admit that they have no title to any part of the overlap. The appellants are the only claimants of the Drake patent. The improvements claimed by the Marsees are three houses, one barn, one garage and probably other small outbuildings. All of these buildings are within the Thomas Drake patent and only one house is within the overlap. It is not claimed that any buildings are on the 150 acre Colson patent or the 200 acre patent outside the Drake patent, yet the court by its judgment awarded to the Colson heirs $3,750 which the jury in the county court had fixed as the value of improvements on the land taken by the condemnor. The Kentucky National Park Commission filed with its petition in the condemnation proceeding a map of the land sought to be condemned. When this map is superimposed on the map introduced by appellees it is clear that the land condemned embraces all or most of the 150 acre Colson patent, a portion of the 200 acre Colson patent and a small portion of the Thomas Drake patent, including the portion where all or most of appellants' buildings are located.

The court erroneously refused to permit the appellants to introduce in evidence the map filed as an exhibit with the condemnor's petition or to refer to it in their testimony. The Colsons make no claim to any part of the Drake patent and there is no evidence that there are any buildings or other improvements on the land condemned outside of the Drake patent. The Marsees are the only claimants of the land embraced in this patent and they are entitled to the damages assessed for the taking of the improvements and to the proportionate part of the award for the value of the land taken which the portion taken within the boundaries of the Drake patent bears to the entire 280.9 acres. The Marsees claim the entire award, but they wholly failed to establish title by adverse possession to any part of the two Colson patents outside of the Drake patent. There is some reference to fences erected by appellants, but it is conceded there are no enclosures on the land claimed by appellees. Appellants have no color of title and they failed to establish by their evidence a well marked boundary defining the limits of their possession or acts within the boundary sufficient to acquire title by adverse

possession. Gillis v. Martin, 284 Ky. 714, 145 S. W. 2d 1051; Bryant v. Perry, 284 Ky. 698, 145 S. W. 2d 1055; Culton v. Simpson, 265 Ky. 343, 96 S. W. 2d 856; Payne v. Edwards, 188 Ky. 302, 221 S. W. 1073; Burt & Brabb Lumber Co. v. Sackett, 147 Ky. 232, 144 S. W. 34. There was proof that appellants on one or more occasions cut timber on the Colson patents outside of the Drake patent. Entries upon unenclosed land to cut timber do not constitute an adverse holding, even though the acts continue sporadically for the prescriptive period. Davidson v. Young, 253 Ky. 345, 69 S. W. 2d 721; Swift Coal & Timber Co. v. Cornett, 249 Ky. 760, 61 S. W. 2d 625; Combs v. Jones, 244 Ky. 512, 51 S. W. 2d 672.

Upon return of the case evidence should be admitted to determine the amount of land embraced in the Thomas Drake patent, which was included in the tract condemned. Since the award of $5,618 for the 280.9 acres of land taken included the value of the land within the Drake patent which was condemned, the appellants are entitled to their proportionate part of that fund.

The judgment is reversed for proceedings consistent herewith.