**NOLAND et al. v. WISE et al.**

Court of Appeals of Kentucky.
June 12, 1953.

Kelly Kash, Irvine, for appellants.

J. M. Wolfinbarger, Irvine, for appellees.

DUNCAN, Justice.

Claiming that they are the owners and in the possession of a tract of 426 acres of land in Estill County, appellees, Hood Wise and Milly Ann Wise, filed this action in the Estill Circuit Court on August 30, 1949, against Walter Noland and Jessie Van Cleve, seeking to quiet their alleged title to the land, to enjoin trespass and to recover damages for timber cut from the land. Answer was filed, traversing the allegations of the petition and describing a boundary of land claimed by defendant Noland, stated as conflicting to some extent with the boundary set forth in the petition, but seeking no affirmative relief by way of counterclaim against the plaintiffs. An amended petition was filed by plaintiffs, pleading fifteen years' adverse possession. The allegations of the amended petition and the affirmative allegations of defendants' answer were duly traversed by responsive pleadings. Walter Noland, one of the defendants, died during the pendency of the action, and the case as to him was revived in the name of his widow and children, who, together with Jessie Van Cleve, are the appellants here. Judgment was entered in the lower court, quieting the alleged title of appellees, perpetuating the injunction and awarding damages for timber taken.

There is no question presented on the appeal concerning location of boundaries. Although the evidence before us is far from satisfactory in that respect, we are not prepared to say that it is insufficient to sustain the location made by the Chancellor. The only question necessary to decide here is whether or not there is sufficient evidence of title and possession in appellees to sustain the judgment.

In support of their title, appellees introduced a deed to them from the executors of James A. Wallace, dated May 23, 1935, and a deed to James A. Wallace, dated March

30, 1897, from the master commissioner of the Estill Circuit Court, which deed was executed on behalf of Amanda Winburn. Appellants introduced several deeds in their chain of title extending back to 1870.

An action to quiet title is a statutory proceeding authorized by KRS 411.120, which provides that:

"Any person having both the legal title and possession of land may prosecute suit, by petition in equity, in the circuit court of the county where the land or some part of it lies, against any other person setting up a claim to it."

It is fundamental that in an action to quiet title the plaintiff must allege and prove both title and possession. Childers v. York, 187 Ky. 332, 218 S.W. 1027; Combs v. Turner, 193 Ky. 636, 237 S.W. 37; Combs v. Jones, 244 Ky. 512, 51 S.W.2d 672. The requirement as to possession of the plaintiff is waived if the defendant asserts title in himself, and seeks affirmative relief by a counterclaim. Justice v. Staton, 291 Ky. 179, 163 S.W.2d 471; Crawley v. Mackey, 283 Ky. 717, 143 S.W.2d 171. In the absence of a waiver, the only exception to the rule requiring possession is where a defendant is seeking to seize and fraudulently appropriate the particular title under which the plaintiff is claiming.

There are three ways in which the title to land may be shown: (1) paper title deducible from the Commonwealth; (2) adverse possession for the statutory period; and (3) title to a common source. Strunk's Lane & Jellico Mountain Coal & Coke Co. v. Anderson, 276 Ky. 576, 124 S.W.2d 779; Martt v. McBrayer, 292 Ky. 479, 166 S.W.2d 823.

It is apparent that appellees have failed to prove title deducible from the Commonwealth or to a common source, and the only question remaining is whether the evidence is sufficient to establish title by adverse possession. We may here remark that the evidence does not disclose that appellees were in the actual possession of the land at the time of the filing of this action, but if title is shown in appellees, they may be considered as in constructive possession in the absence of actual possession by another.

Neither appellees nor their predecessors in title have ever occupied the land in controversy. It is rough, mountainous land, with no clearings, buildings, or enclosures, although there is some evidence of an old fence along a part of one of the boundary lines.

The only act of possession ever exercised by appellees or their vendors was the occasional cutting of timber. Appellee, Hood Wise, says he sold some timber from the land for "wood," and there is testimony that timber was cut and removed from this land by or under his vendor, Wallace, as far back as 1902. Various other witnesses testified as to timber cut by Wallace after the deed to him in 1897 and prior to the conveyance to appellees in 1935. It is also shown that appellees and their predecessors have continuously claimed the land and paid tax on it.

In order to acquire title by adverse possession, the possession must be so actual and so continuous as to furnish a cause of action every day during the entire period prescribed by the statute. Cassada v. Vanhook, 282 Ky. 383, 138 S.W.2d 1003. This Court has consistently held that the occasional cutting of timber and payment of taxes do not constitute an adverse holding sufficient to acquire title by adverse possession, even though such acts continued sporadically for the prescriptive period. Auxier v. Herald, 96 S.W. 915, 29 Ky.Law Rep. 1093; Wilson v. Catron, 179 Ky. 290, 200 S.W. 459; Fitzgerald v. Aldridge, 201 Ky. 846, 258 S.W. 665; French v. Childers, 280 Ky. 339, 133 S.W.2d 63; Marsee v. Colson, 307 Ky. 328, 210 S.W.2d 952. We do not think the evidence is sufficient to sustain appellees' title on the ground of adverse possession.

Appellees insist that they should be considered as in the constructive possession of the land since theirs is the better title. In the absence of actual possession by another, the holder of the legal title is considered as in constructive possession, and such possession is sufficient to maintain an action to quiet title. However, as we have previously indicated, appellees have not shown title in themselves. Their deed constituted color of title, and actual posses-

sion of any part of their deeded boundary would have amounted to constructive actual possession of the entire boundary. Calhoun v. Gayhart, 280 Ky. 170, 132 S.W.2d 760. Inasmuch as they were not in the actual possession of any part of the land, there was no such possession as would ripen into title.

The judgment is reversed with directions to enter a judgment dismissing appellees' petition.