Grace **NOLAND** et al., Appellants,

v.

Hood **WISE**, Appellee.

Court of Appeals of Kentucky.

Dec. 16, 1955.

Redwine & Redwine, M. C. Redwine, M. C. Redwine, Jr., Winchester, for appellant.

John W. Walker, Irvine, for appellee.

CLAY, Commissioner.

This is an action to recover $2,000 for the wrongful cutting of timber on appellant Noland's land, and to obtain an injunction to prevent further cutting. The trial judge dismissed the action. He determined that all the timber cut was north of a certain

boundary line that this Court confirmed in Noland v. Wise, Ky., 259 S.W.2d 46, and that all the land north of that line belonged to appellee Wise. Appellants deny that the former litigation between the parties settled the question of the boundary line between their respective properties.

Noland v. Wise, Ky., 259 S.W.2d 46, was an action brought by Wise to quiet his title to the land here in controversy. A judgment for Wise was reversed on appeal and his petition ordered dismissed. The reversed judgment fixed a boundary line between the lands of Wise and Noland. It was the opinion of the trial court in the present case that the finding regarding the boundary between Noland and. Wise was not disturbed by that reversal.

The determination that the former appeal had not disturbed the prior boundary finding is apparently based on the following language of the opinion on that appeal, 259 S.W.2d at page 47:

"There is no question presented on the appeal concerning location of boundaries. Although the evidence before us is far from satisfactory in that respect, we are not prepared to say that it is insufficient to sustain the location made by the Chancellor."

This language taken alone would seem to support the trial court's interpretation of the case. However, a reading of the whole opinion leads to a different conclusion. The decision actually determined that Wise did not support the burden, imposed upon one bringing an action to quiet title, of showing that he had title to the land. Therefore it could not be construed as fixing his boundary. Our statement in the opinion that the boundary question was not presented meant only, *if Wise was successful*, the extent of his land had been properly decided. Wise was not successful. The former judgment, including the boundary, was extinguished by our decision.

. It seems to us the trial court in the present action misinterpreted the language used

in our opinion in the former suit, and that no boundary line between the lands of Noland and Wise has yet been determined.

Although the trial court decided that the land from which this timber was taken did not belong to appellants, it found as a fact that the timber was only worth $32. From a reading of the evidence with respect to damages, we cannot agree with appellants that the finding is "clearly erroneous", thereby justifying us in setting it aside under CR 52.01. However, since appellants' complaint was dismissed, the issue of damages was not reached and should not have been prematurely decided. On a trial of the action, both the issue of title and of damages should be reconsidered.

The motion for appeal is sustained, and the judgment is reversed for consistent proceedings.